APPEAL,CASREF,CONSOL,IFP,JURY,PROSE–NP,TYPE–F

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:21–cv–02674–JMC</u>
## *Internal Use Only*

| | |
|---|---|
| AMAALA JONES–BEY v. DISTRICT OF COLUMBIA | Date Filed: 10/12/2021 |
| Assigned to: Judge Jia M. Cobb | Jury Demand: Defendant |
| Referred to: Magistrate Judge G. Michael Harvey (Settlement) | Nature of Suit: 440 Civil Rights: Other |
|  Cases:  1:21–cv–02785–JMC | Jurisdiction: U.S. Government Defendant |
|           1:22–cv–00551–JMC | |
|           1:21–cv–02673–JMC | |
| Cause: 42:1983 Civil Rights Act | |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **KAREN HYLTON** | represented by | **Charles Lewis Gerstein** |
| | | GERSTEIN HARROW LLP |
| | | 1001 G Street NW |
| | | Suite 400e |
| | | Washington, DC 20001 |
| | | 202–670–4809 |
| | | Email: <u>charlie@gerstein–harrow.com</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **David L. Shurtz** |
| | | DAVID L. SHURTZ, ATTORNEY AT LAW |
| | | 1200 N Nash St. |
| | | Suite 835 |
| | | Arlington, VA 22209 |
| | | (202) 617–9141 |
| | | Fax: (703) 525–0720 |
| | | Email: <u>dshurtz103@gmail.com</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Jason Seth Harrow** |
| | | GERSTEIN HARROW LLP |
| | | 12100 Wilshire Blvd. Ste. 800 |
| | | Los Angeles, CA 90025 |
| | | 323–744–5293 |
| | | Email: <u>jason@gerstein–harrow.com</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **AMAALA JONES–BEY** | represented by | **David L. Shurtz** |
| *21cv2785 – Next Friend and Mother of* | | (See above for address) |

*Daughter Z.J.–B. Individually and soon*
*to be Personal Representative and*
*Administrator of the Estate of Karon*
*Hylton*

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MURIEL BOWSER**
*Mayor*
*TERMINATED: 01/13/2022*

represented by **Katrina Marie Seeman**
OFFICE OF THE ATTORNEY
GENERAL FOR THE DISTRICT OF
COLUMBIA
Civil Litigation Division
400 6th Street, NW
Washington, DC 20001
(202) 724–6607
Fax: (202) 724–5917
Email: katrina.m.seeman@usdoj.gov
*TERMINATED: 06/28/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DISTRICT OF COLUMBIA**

represented by **James Arland Wiley**
OFFICE OF THE ATTORNEY
GENERAL FOR THE DISTRICT OF
COLUMBIA
400 6th Street NW
Washington, DC 20001
202–735–7564
Fax: 202–715–7715
Email: jim.wiley@dc.gov
*TERMINATED: 01/13/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katrina Marie Seeman**
(See above for address)
*TERMINATED: 06/28/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elise Levy**
D.C. OFFICE OF THE ATTORNEY
GENERAL
Civil Litigation Division
400 6th St. NW
Washington, DC 20001
202–549–0030
Email: elise.levy@dc.gov
*ATTORNEY TO BE NOTICED*

2

Margaret Ulle
400 6th Street NW
Washington, DC 20001
202–826–5454
Email: margaret.ulle@dc.gov
*TERMINATED: 05/19/2022*

**Robert A. DeBerardinis , Jr.**
OFFICE OF THE ATTORNEY
GENERAL/DC
400 6th Street, NW
Washington, DC 20001
202–724–6642
Fax: 202–741–8895
Email: robert.deberardinis@dc.gov
*TERMINATED: 05/02/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**METROPOLITAN POLICE DEPARTMENT**
*TERMINATED: 01/13/2022*

represented by **Katrina Marie Seeman**
(See above for address)
*TERMINATED: 06/28/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**TERRENCE SUTTON**
*Officer*

represented by **Daniel S. Crowley**
CROWLEY SO, LLP
1800 M Street NW
Washington, DC 20036
202–232–1907
Fax: 202–232–3704
Email: dcrowley@crowleyso.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katelyn Clarke**
1800 M St., NW
Suite 850s
Washington, DC 20036
202–204–6249
Email: kclarke@hannonlawgroup.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CARLOS TEJERA**
*Officer*

represented by **James Arland Wiley**
(See above for address)
*TERMINATED: 01/13/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

3

**Katrina Marie Seeman**
(See above for address)
*TERMINATED: 06/28/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elise Levy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert A. DeBerardinis , Jr.**
(See above for address)
*TERMINATED: 05/02/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

AHMED AL–SHRAWI                    represented by   **James Arland Wiley**
(See above for address)
*TERMINATED: 01/13/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katrina Marie Seeman**
(See above for address)
*TERMINATED: 06/28/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elise Levy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert A. DeBerardinis , Jr.**
(See above for address)
*TERMINATED: 05/02/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

CORY NOVICK                    represented by   **James Arland Wiley**
(See above for address)
*TERMINATED: 01/13/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katrina Marie Seeman**
(See above for address)
*TERMINATED: 06/28/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Elise Levy
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert A. DeBerardinis , Jr.**
(See above for address)
*TERMINATED: 05/02/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ANDREW ZABAVSKY**                    represented by  **Christopher A. Zampogna**
ZAMPOGNA PC
2101 L Street, NW
Suite 300
Washington, DC 20037
202–223–6635
Fax: 202–803–7988
Email: caz@zampognalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abraham Bluestone**
ZAMPOGNA, P.C.
2101 L St NW
Ste 300
Washington, DC 20037
202–223–6635
Email: ab@zampognalaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**PETER NEWSHAM**
*Chief*
*TERMINATED: 01/13/2022*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/12/2021 |  | **Initiating Pleading & IFP Application Received on 10/12/2021.** A copy of the docket sheet has been mailed to the address of record for the pro se party. (znmg) (Entered: 10/26/2021) |
| 10/12/2021 | 1 | COMPLAINT against All Defendants filed by KAREN HYLTON.(znmg) (Entered: 10/26/2021) |
| 10/12/2021 | 2 | MOTION for Leave to Proceed in forma pauperis by KAREN HYLTON. (znmg) (Entered: 10/26/2021) |
| 11/04/2021 | 3 | ORDER granting 2 Motion for Leave to Proceed in forma pauperis; FURTHER ORDERED that within 30 days of entry of this order, plaintiff shall file an amended complaint as specified in order; see Order for full details. Signed by Judge Colleen Kollar–Kotelly on 11/4/2021. (ztnr) (Entered: 11/30/2021) |

| 12/27/2021 | 4 | AMENDED COMPLAINT against All Defendants filed by KAREN HYLTON. "LEAVE TO FILE GRANTED" Signed by Judge Colleen Kollar–Kotelly on 12/27/2021.(znmg) (Entered: 12/30/2021) |
|---|---|---|
| 01/13/2022 | 5 | ORDER– "ORDERED that Muriel Bowser, Metropolitan Police Department, Terrence Sutton, Carlos Tejera, Almed Al–Sahrawi, Cory Novici, Andrew Zabawsky, and Peter Newsham are DISMISSED WITHOUT PREJUDICE as party defendants. It isFURTHER ORDERED that, pursuant to Local Civil Rule 40.5(a)(3), the Clerk of Court shall assign this case to Judge Jia M. Cobb as related to Hylton v. Bowser, No. 21cv2673." (See Order for details) Signed by Judge Tanya S. Chutkan on 01/13/2022. (znmg) (Entered: 01/19/2022) |
| 01/13/2022 | | Case Assigned to Judge Jia M. Cobb. Unassigned is no longer assigned to the case. (znmg) (Entered: 01/19/2022) |
| 01/31/2022 | | MINUTE ORDER: Pursuant to 28 U.S.C. § 1915(d), the Clerk of the Court shall prepare and issue a summons to the District of Columbia and coordinate with the U.S. Marshals Service to effect proper service of the summons and the Amended Complaint 4 upon the District of Columbia. SO ORDERED. Signed by Judge Jia M. Cobb on 1/31/2022.(psu1) (Entered: 01/31/2022) |
| 02/04/2022 | 6 | SUMMONS (2) Issued as to DISTRICT OF COLUMBIA, District of Columbia Attorney General, and the District of Columbia Mayor sent to the U.S. Marshals Service. (znmg) (Entered: 02/04/2022) |
| 02/17/2022 | 7 | NOTICE of Appearance by Katrina Marie Seeman on behalf of DISTRICT OF COLUMBIA (Seeman, Katrina) (Entered: 02/17/2022) |
| 02/25/2022 | 8 | NOTICE of Appearance by Margaret Ulle on behalf of DISTRICT OF COLUMBIA (Ulle, Margaret) (Entered: 02/25/2022) |
| 03/01/2022 | 9 | NOTICE of Appearance by Robert A. DeBerardinis, Jr on behalf of DISTRICT OF COLUMBIA (DeBerardinis, Robert) (Entered: 03/01/2022) |
| 03/04/2022 | 10 | MOTION for Extension of Time to File Answer by DISTRICT OF COLUMBIA. (Seeman, Katrina) (Entered: 03/04/2022) |
| 03/07/2022 | | MINUTE ORDER granting 10 Motion for Extension of Time to Answer: For the reasons stated in Defendant's Motion, the Court ORDERS that the Motion is GRANTED. Defendant must answer or otherwise respond to Plaintiff's Amended Complaint by March 21, 2022. Signed by Judge Jia M. Cobb on March 7, 2022. (lcjmc2) (Entered: 03/07/2022) |
| 03/08/2022 | 11 | Consent MOTION to Consolidate Cases by DISTRICT OF COLUMBIA. (Seeman, Katrina) (Entered: 03/08/2022) |
| 03/09/2022 | | MINUTE ORDER granting 11 Motion to Consolidate Cases: Upon consideration of Defendant's Consent Motion to Consolidate, the Court ORDERS that the Motion is GRANTED. It is further ORDERED that *Karen Hylton v. Muriel Bowser, et al.*, Civil Action No. 21–2674, is consolidated with *Karen Hylton v. District of Columbia, et al.*, Civil Action No. 22–551. Signed by Judge Jia M. Cobb on March 9, 2022. (lcjmc2) (Entered: 03/09/2022) |
| 03/09/2022 | | MINUTE ORDER: Pursuant to the Minute Order entered earlier today consolidating cases, the Parties are directed to make all future filings in this case, Civil Action No. 21–2674. The Court further directs the Clerk to close Civil Action No. 22–551. |

| | | Signed by Judge Jia M. Cobb on March 9, 2022. (lcjmc2) (Entered: 03/09/2022) |
|---|---|---|
| 03/11/2022 | | Cases Consolidated. Case 22cv551 has been consolidated with case 21cv2674, pursuant to an Order entered 03/09/2022. From this date forward, all pleadings shall be filed ONLY in the lead/earlier case, Civil Action No. 21–2674 (zjf) (Entered: 03/11/2022) |
| 03/18/2022 | 14 | MOTION to Appoint Counsel by KAREN HYLTON. (zjf) (Entered: 03/23/2022) |
| 03/21/2022 | 12 | MOTION to Dismiss by MURIEL BOWSER, DISTRICT OF COLUMBIA, METROPOLITAN POLICE DEPARTMENT. (Attachments: # 1 Exhibit A, Probate Order)(Seeman, Katrina) (Entered: 03/21/2022) |
| 03/21/2022 | 13 | FOX ORDER DIRECTING Plaintiff to respond to Defendant's 12 Motion to Dismiss by April 19, 2022. Failure to respond by that date may result in the Court deeming the matter conceded. See document for details. Signed by Judge Jia M. Cobb on March 21, 2022. (lcjmc2) (Entered: 03/21/2022) |
| 03/21/2022 | | MINUTE ORDER: The Court directs the Parties to appear for a Status Conference on March 31, 2022, at 10:30 AM. The Status Conference will be on the record and conducted via telephone. The Court's Deputy Clerk will provide the information necessary to access the call. Signed by Judge Jia M. Cobb on March 21, 2022. (lcjmc2) (Entered: 03/21/2022) |
| 03/23/2022 | 15 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on the Mayor of the District of Columbia. Date of Service Upon the Mayor for the District of Columbia on 03/23/2022., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the District of Columbia Attorney General. Date of Service Upon District of Columbia Attorney General 3/11/2022. ( Answer due for ALL D.C. DEFENDANTS by 4/1/2022.) (zjf) (Entered: 03/24/2022) |
| 03/31/2022 | | Minute Entry for Telephonic Status Conference held before Judge Jia M. Cobb on 3/31/2022. Parties to meet and confer and file Joint Status Report by 4/15/2022. ORDER denying as MOOT 14 Motion to Appoint Counsel. Court Reporter Bryan Wayne. (gdf) (Entered: 03/31/2022) |
| 03/31/2022 | 16 | NOTICE of Appearance by Charles Lewis Gerstein on behalf of KAREN HYLTON (Gerstein, Charles) (Entered: 03/31/2022) |
| 04/04/2022 | | MINUTE ORDER: As stated on the record during the Status Conference held March 31, 2022, in this case and the related case 21–cv–2673, the Court ORDERS that, by April 15, 2022, Plaintiff will file in both cases the Parties' joint proposed schedule for either amending the complaints in these cases or responding to Defendant's Motions to Dismiss. Thus, the Court further ORDERS that Plaintiff's previous deadline of April 19, 2022, to respond to Defendant's Motions to Dismiss is hereby VACATED. Signed by Judge Jia M. Cobb on April 4, 2022. (lcjmc2) (Entered: 04/04/2022) |
| 04/14/2022 | 17 | NOTICE of Proposed Schedule by KAREN HYLTON (Gerstein, Charles) (Entered: 04/14/2022) |
| 04/19/2022 | 18 | MOTION to Consolidate Cases by KAREN HYLTON. (Attachments: # 1 Text of Proposed Order)(Gerstein, Charles) (Entered: 04/19/2022) |
| 04/19/2022 | 19 | NOTICE of Appearance by Jason Seth Harrow on behalf of KAREN HYLTON (Harrow, Jason) (Entered: 04/19/2022) |

| 04/20/2022 | 20 | Third Party MOTION to Intervene by Amaala Jones–Bey, AMAALA JONES–BEY. (Attachments: # 1 USCA Order)(Shurtz, David) (Entered: 04/20/2022) |
|---|---|---|
| 04/20/2022 | 21 | PENDING AS PREMATURE FILING AS TO DE# 20 .....Third Party MOTION for Sanctions *against Gernstein and Harrow* by Amaala Jones–Bey. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Letters of Administration, # 3 USCA Order Order to Disqualify, # 4 Z.J.B Complaint, # 5 Errata Correct Absent Signature)(Shurtz, David) Modified on 4/20/2022 (zjf). (Entered: 04/20/2022) |
| 04/21/2022 | 22 | Memorandum in opposition to re 21 Third Party MOTION for Sanctions *against Gernstein and Harrow*, 20 Third Party MOTION to Intervene filed by KAREN HYLTON. (Attachments: # 1 Text of Proposed Order)(Gerstein, Charles) (Entered: 04/21/2022) |
| 04/21/2022 | 23 | CERTIFICATE OF SERVICE by KAREN HYLTON re 22 Memorandum in Opposition, *and Proposed Order, served First–Class Mail and Email*. (Harrow, Jason) (Entered: 04/21/2022) |
| 04/22/2022 | | MINUTE ORDER: The Court ORDERS the Parties, as well as the proposed Intervenor in this case, to appear for a Status Conference on April 28, 2022, at 9:30 AM. The conference will concern the motions recently filed on the docket in this case, as well as any related scheduling matters. The conference will be on the record and conducted via video. The Court's Deputy Clerk will provide the information necessary to access the conference. Signed by Judge Jia M. Cobb on April 22, 2022. (lcjmc2) (Entered: 04/22/2022) |
| 04/25/2022 | | MINUTE ORDER denying 21 Third Party Motion for Sanctions: In a filing made today, April 25, 2022, on the docket of related case 21–cv–2785, counsel for proposed Intervenor Jones–Bey stated that he was withdrawing the Motion for Sanctions against Plaintiff's counsel, previously filed on the docket in this case. *See* Civil Action No. 21–2785, ECF 8 at 21. In light of that statement, as well as the Court's conclusion that Plaintiff's counsel has not made any misrepresentations to the Court, the Court ORDERS that the Motion for Sanctions is DENIED. Signed by Judge Jia M. Cobb on April 25, 2022. (lcjmc2) (Entered: 04/25/2022) |
| 04/28/2022 | | Minute Entry for Video Status Conference held before Judge Jia M. Cobb on 4/28/2022: Order forthcoming from Chambers. Court Reporter Lisa Bankins. (smc) (Entered: 04/28/2022) |
| 04/28/2022 | | MINUTE ORDER granting 18 Motion to Consolidate Cases: Upon consideration of Plaintiff Hylton's Motion, and for the reasons stated on the record during the status conference held today, April 28, 2022, the Court ORDERS that the Motion is GRANTED. It is further ORDERED that this case, *Karen Hylton v. Muriel Bowser, et al.*, Civil Action No. 21–2674, is consolidated with related case *Amaala Jones–Bey v. District of Columbia, et al.*, Civil Action No. 21–2785. The Parties are directed to make all future filings in this case, Civil Action No. 21–2674. The Court further directs the Clerk to administratively close Civil Action No. 21–2785. Signed by Judge Jia M. Cobb on April 28, 2022. (lcjmc2) (Entered: 04/28/2022) |
| 04/28/2022 | | MINUTE ORDER denying as moot 20 Motion to Intervene: For the reasons stated on the record during the status conference held today, April 28, 2022, the Court ORDERS that the Motion is DENIED as moot. Signed by Judge Jia M. Cobb on April 28, 2022. (lcjmc2) (Entered: 04/28/2022) |
| 04/28/2022 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER: For the reasons stated on the record during the status conference held today, April 28, 2022, the Court ORDERS that Plaintiff Hylton shall file a Second Amended Complaint by June 10, 2022; that Plaintiff Jones–Bey shall forthwith file an Amended Complaint on the docket in this case, and, in keeping with the Court's oral finding of good cause under Federal Rule 4(m), must effect service by June 10, 2022; and that Defendants must answer or otherwise respond to those complaints by August 1, 2022. Signed by Judge Jia M. Cobb on April 28, 2022. (lcjmc2) (Entered: 04/28/2022) |
| 05/03/2022 | | Cases Consolidated. Cases 21–2674 and 21–2785 have been consolidated,pursuant to an Order entered 05/02/2022. From this date forward, all pleadings shall be filed ONLY in the lead/earlier case, Civil Action No. 21–2674. (zjf) (Entered: 05/03/2022) |
| 05/19/2022 | 24 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DISTRICT OF COLUMBIA. Attorney Margaret Ulle terminated. (Ulle, Margaret) (Entered: 05/19/2022) |
| 05/27/2022 | | MINUTE ORDER: During the Status Conference held on April 28, 2022, and by minute order that same day, the Court directed Plaintiff Jones–Bey to file forthwith her Amended Complaint on the docket in this case, and to file proof of service by June 10, 2022. As of yet, Plaintiff Jones–Bey has not filed her Amended Complaint or proof of service. The Court again directs Plaintiff Jones–Bey to file forthwith her Amended Complaint on the docket in this case, and reiterates that the deadline to effect service and file proof of service on the docket in this case is June 10, 2022, which is two weeks from today. Failure to comply may result in dismissal. Signed by Judge Jia M. Cobb on May 27, 2022. (lcjmc2) (Entered: 05/27/2022) |
| 05/27/2022 | | Set/Reset Deadlines: Joint Status Report due by 6/27/2022. (zgdf) (Entered: 05/27/2022) |
| 06/03/2022 | 25 | ENTERED IN ERROR.....COMPLAINT *Amended Complaint* against All Defendants with Jury Demand ( Filing fee $ 402 receipt number ADCDC–9279422) filed by AMAALA JONES–BEY.(Shurtz, David) Modified on 6/3/2022 (zjf). (Entered: 06/03/2022) |
| 06/03/2022 | 26 | AMENDED COMPLAINT against AHMED AL–SHRAWL, DISTRICT OF COLUMBIA, CORY NOVICK, TERRENCE SUTTON, CARLOS TEJERA, ANDREW ZABAVSKY with Jury Demand filed by AMAALA JONES–BEY.(zjf) (Entered: 06/03/2022) |
| 06/05/2022 | 27 | NOTICE *To 05/27/2022 Minute Order* by AMAALA JONES–BEY re Order,, (Shurtz, David) (Entered: 06/05/2022) |
| 06/09/2022 | 28 | MEMORANDUM by KAREN HYLTON. (Gerstein, Charles) (Entered: 06/09/2022) |
| 06/09/2022 | 29 | NOTICE *Regardng Service* by AMAALA JONES–BEY re Order,, (Attachments: # 1 Exhibit Supporting Update)(Shurtz, David) (Entered: 06/09/2022) |
| 06/10/2022 | 30 | NOTICE *21:cv–02674* by AMAALA JONES–BEY (Attachments: # 1 Exhibit Supporting Update)(Shurtz, David) (Entered: 06/10/2022) |
| 06/10/2022 | 31 | NOTICE of Voluntary Dismissal by KAREN HYLTON (Gerstein, Charles) (Entered: 06/10/2022) |
| 06/10/2022 | 32 | MOTION to Intervene *in Jones–Bey v. District of Columbia* by KAREN HYLTON. (Attachments: # 1 Exhibit Karen Hylton's Complaint in Intervention)(Gerstein, |

| | | Charles) (Entered: 06/10/2022) |
|---|---|---|
| 06/22/2022 | 33 | Memorandum in opposition to re 32 MOTION to Intervene *in Jones−Bey v. District of Columbia Opposition* filed by AMAALA JONES−BEY. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4)(Shurtz, David) (Entered: 06/22/2022) |
| 06/24/2022 | 34 | Memorandum in opposition to re 32 MOTION to Intervene *in Jones−Bey v. District of Columbia* , 28 MEMORANDUM filed by DISTRICT OF COLUMBIA. (Seeman, Katrina) Modified on 6/24/2022 to add additional docket link (zjf). (Entered: 06/24/2022) |
| 06/24/2022 | | MINUTE ORDER: The Court ORDERS the Parties to appear for a Status Conference on July 7, 2022, at 11:00 AM. The conference will be on the record and conducted via telephone. The Court's Deputy Clerk will provide the information necessary to access the call. The Court plans to address 28 Memorandum by Karen Hylton, as well as Ms. Hylton's 32 Motion to Intervene, and thus instructs that the Parties be prepared to discuss the issues therein. Signed by Judge Jia M. Cobb on June 24, 2022. (lcjmc2) (Entered: 06/24/2022) |
| 06/28/2022 | 35 | NOTICE of Appearance by James Arland Wiley on behalf of DISTRICT OF COLUMBIA (Wiley, James) (Entered: 06/28/2022) |
| 07/01/2022 | 36 | REPLY to opposition to motion re 32 MOTION to Intervene *in Jones−Bey v. District of Columbia* filed by KAREN HYLTON. (Attachments: # 1 Exhibit A Declaration of Charles Gerstein)(Gerstein, Charles) (Entered: 07/01/2022) |
| 07/01/2022 | | MINUTE ORDER: The Court ORDERS that the Status Conference previously scheduled for July 7, 2022, at 11:00 AM, via telephone, is hereby VACATED and rescheduled for July 12, 2022, at 4:00 PM, via telephone. Signed by Judge Jia M. Cobb on July 1, 2022. (lcjmc2) (Entered: 07/01/2022) |
| 07/12/2022 | 37 | REQUEST FOR SUMMONS TO ISSUE filed by KAREN HYLTON. (Attachments: # 1 Supplement Add'l Def, # 2 Supplement Add'l Def, # 3 Supplement Add'l Def, # 4 Supplement Add'l Def, # 5 Supplement Add'l Def)(Harrow, Jason) (Entered: 07/12/2022) |
| 07/12/2022 | | Minute Entry for Telephone Status Conference Proceeding held on 7/12/22 before Judge Jia M. Cobb. Oral Order of the Court directing the Clerk's Office to change the case caption to Amaala Jones−Bey v. District of Columbia et al., with Karen Hylton included in the caption as Plaintiff−Intervenor. Oral Order granting 32 Motion to Intervene; Clerk directed to docket ECF 32−1, Plaintiff−Intervenor Hylton's complaint in intervention. Defendant District of Columbias responsive pleading due August 1, 2022; Plaintiff Jones−Beys opposition due August 22, 2022; Plaintiff−Intervenor Hyltons opposition due September 6, 2022; and Defendant District of Columbias reply due October 6, 2022. Granting oral motion by Plaintiff−Intervenor Hylton for extension of time to effect service, for good cause; deadline for service extended to July 26, 2022. Oral Order denying as moot 12 Motion to Dismiss. (Court Reporter: William Zaremba) (zgdf) (Entered: 07/13/2022) |
| 07/19/2022 | 38 | SUMMONS (6) Issued Electronically as to AHMED AL−SHRAWL, DISTRICT OF COLUMBIA, CORY NOVICK, TERRENCE SUTTON, CARLOS TEJERA, ANDREW ZABAVSKY. (Attachments: # 1 Notice and Consent)(zjf) (Entered: 07/19/2022) |

| 07/29/2022 | 40 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. TERRENCE SUTTON served on 7/28/2022, answer due 8/18/2022 (Harrow, Jason) (Entered: 07/29/2022) |
|---|---|---|
| 07/29/2022 | 41 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. CORY NOVICK served on 7/27/2022, answer due 8/17/2022 (Harrow, Jason) (Entered: 07/29/2022) |
| 07/29/2022 | 42 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. AHMED AL–SHRAWL served on 7/27/2022, answer due 8/17/2022 (Harrow, Jason) (Entered: 07/29/2022) |
| 07/29/2022 | 43 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. CARLOS TEJERA served on 7/28/2022, answer due 8/18/2022 (Harrow, Jason) (Entered: 07/29/2022) |
| 07/29/2022 | 44 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the District of Columbia Attorney General. Date of Service Upon District of Columbia Attorney General 7/25/2022. Answer due for ALL D.C. DEFENDANTS by 8/15/2022. (Harrow, Jason) (Entered: 07/29/2022) |
| 08/01/2022 | 45 | MOTION to Dismiss by DISTRICT OF COLUMBIA. (Attachments: # 1 Exhibit A, Robinson Chart, # 2 Exhibit B, Sterling Compl.)(Seeman, Katrina) (Entered: 08/01/2022) |
| 08/04/2022 | 46 | ORDER granting 39 Motion for Extension of Time to Effect Service on Defendant Andrew Zabavsky; granting 39 Motion for Order Authorizing Service by the United States Marshal: See Order for details. Signed by Judge Jia M. Cobb on August 4, 2022. (lcjmc2) (Entered: 08/04/2022) |
| 08/12/2022 | 47 | TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE PROCEEDINGS before Judge Jia M. Cobb held on July 12, 2022; Page Numbers: 1–48. Date of Issuance: August 12, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased fr om the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, PDF or ASCII) may be purchased from the court reporter.

NOTICE RE REDACTION OF TRANSCRIPTS: The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 9/2/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/10/2022.(wz) (Entered: 08/12/2022) |
| 08/12/2022 | 48 | Summons (1) Issued as to ANDREW ZABAVSKY sent to the U.S. Marshals Service. (znmg) (Entered: 08/12/2022) |
| 08/17/2022 | 49 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Daniel S. Crowley on behalf of TERRENCE SUTTON (Crowley, Daniel) (Entered: 08/17/2022) |
| 08/17/2022 | 50 | Consent MOTION for Extension of Time to File Answer re 26 Amended Complaint by TERRENCE SUTTON. (Attachments: # 1 Text of Proposed Order)(Crowley, Daniel) (Entered: 08/17/2022) |
| 08/17/2022 | 51 | NOTICE of Appearance by Katrina Marie Seeman on behalf of AHMED AL–SHRAWL, CORY NOVICK, CARLOS TEJERA (Seeman, Katrina) (Entered: 08/17/2022) |
| 08/17/2022 | 52 | NOTICE of Appearance by Robert A. DeBerardinis, Jr on behalf of AHMED AL–SHRAWL, CORY NOVICK, CARLOS TEJERA (DeBerardinis, Robert) (Entered: 08/17/2022) |
| 08/17/2022 | 53 | NOTICE of Appearance by James Arland Wiley on behalf of AHMED AL–SHRAWL, CORY NOVICK, CARLOS TEJERA (Wiley, James) (Entered: 08/17/2022) |
| 08/17/2022 | 54 | NOTICE of Name Correction by AHMED AL–SHRAWL (Seeman, Katrina) (Entered: 08/17/2022) |
| 08/17/2022 | 55 | Consent MOTION for Extension of Time to to answer or otherwise respond to Plaintiff's Complaint by AHMED AL–SHRAWL, CORY NOVICK, CARLOS TEJERA. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Wiley, James) (Entered: 08/17/2022) |
| 08/19/2022 | | MINUTE ORDER granting 50 Motion for Extension of Time: Upon consideration of Defendant Sutton's Consent Motion, and for good cause shown, the Court ORDERS that the Motion is GRANTED. Defendant Sutton must answer or otherwise respond to the complaint by September 16, 2022. Signed by Judge Jia M. Cobb on August 19, 2022. (lcjmc2) (Entered: 08/19/2022) |
| 08/19/2022 | | MINUTE ORDER granting 55 Motion for Extension of Time: Upon consideration of Defendants Al–Shrawi, Novick, and Tejera's Consent Motion, and for good cause shown, the Court ORDERS that the Motion is GRANTED. Defendants must answer or otherwise respond to the complaint by September 16, 2022. Signed by Judge Jia M. Cobb on August 19, 2022. (lcjmc2) (Entered: 08/19/2022) |
| 08/19/2022 | 56 | MOTION for Extension of Time to File Response/Reply as to 45 MOTION to Dismiss by AMAALA JONES–BEY. (Attachments: # 1 Memorandum in Support Supporting Memo & Pts, # 2 Text of Proposed Order Proposed Order)(Shurtz, David) (Entered: 08/19/2022) |
| 08/22/2022 | | MINUTE ORDER granting 56 Motion for Extension of Time to File Response/Reply: Upon consideration of Plaintiff's Motion for Extension of Time, it is ORDERED the Motion is GRANTED. Plaintiff will respond to Defendant's Motion to Dismiss by September 16, 2022, and Defendant's Reply is due by September 23, 2022. Signed by Judge Jia M. Cobb on August 22, 2022. (lcjmc1) (Entered: 08/22/2022) |
| 08/25/2022 | 57 | Amended MOTION for Extension of Time to File Response as to 45 MOTION to Dismiss by AMAALA JONES–BEY. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Memorandum in Support Supporting Memorandum)(Shurtz, David) Modified on 8/26/2022 to correct docket text/ add link (zjm). (Entered: 08/25/2022) |

| 08/26/2022 | | MINUTE ORDER granting 57 Motion for Extension of Time: Plaintiff shall have until September 16, 2022 to respond to Defendant District of Columbia's motion to dismiss; Intervenor Hylton shall have until September 30, 2022 to respond to Defendant's motion to dismiss; and Defendant shall have until October 31, 2022 to reply to Plaintiff's and Intervenor Hylton's Responses to Defendant's motion to dismiss. Signed by Judge Jia M. Cobb on August 26, 2022. (lcjmc2) (Entered: 08/26/2022) |
| --- | --- | --- |
| 09/15/2022 | 58 | MOTION for Extension of Time to File Response/Reply by KAREN HYLTON. (Attachments: # 1 Memorandum in Support Memo, # 2 Text of Proposed Order Text of Proposed Order)(Shurtz, David) (Entered: 09/15/2022) |
| 09/16/2022 | 59 | Consent MOTION for Extension of Time to File Answer re 26 Amended Complaint by TERRENCE SUTTON. (Attachments: # 1 Text of Proposed Order)(Crowley, Daniel) (Entered: 09/16/2022) |
| 09/16/2022 | 60 | MOTION to Dismiss *Plaintiff's Amended Complaint* by AHMED AL–SHRAWI, CORY NOVICK, CARLOS TEJERA. (Seeman, Katrina) (Entered: 09/16/2022) |
| 09/19/2022 | | MINUTE ORDER granting 59 Consent Motion for Extension of Time to Answer: Upon consideration of Defendant's Consent Motion for Extension of Time, it is ORDERED the Motion is GRANTED. Defendants will respond to Plaintiff's Complaint by September 21, 2022. Signed by Judge Jia M. Cobb on September 19, 2022. (lcjmc1) (Entered: 09/19/2022) |
| 09/21/2022 | 61 | MOTION to Dismiss *Amended Complaint* by TERRENCE SUTTON. (Attachments: # 1 Text of Proposed Order)(Crowley, Daniel) (Entered: 09/21/2022) |
| 09/22/2022 | | MINUTE ORDER granting 58 Motion for Extension of Time to File Response/Reply: Upon consideration of Plaintiff's Motion for Extension of Time, it is ORDERED that the Motion is GRANTED. Plaintiff shall respond to Defendant District of Columbia's Motion to Dismiss by September 26, 2022; Intervenor Hylton shall respond to Defendant's Motion to Dismiss by October 14, 2022; and Defendant District of Columbia shall reply by November 14, 2022. Signed by Judge Jia M. Cobb on September 22, 2022. (lcjmc1) (Entered: 09/22/2022) |
| 09/25/2022 | 62 | MOTION for Extension of Time to File by AMAALA JONES–BEY. (Attachments: # 1 Memorandum in Support Supporting Memorandum, # 2 Text of Proposed Order Proposed Order)(Shurtz, David) (Entered: 09/25/2022) |
| 09/26/2022 | | MINUTE ORDER denying 62 Motion for Extension of Time: Upon consideration of Plaintiff's Motion for Extension of Time, the Court ORDERS that the Motion is DENIED without prejudice for failure to comply with LCvR 7(m), which instructs counsel to discuss nondispositive motions "with opposing counsel in a good–faith effort" before filing them. Signed by Judge Jia M. Cobb on September 26, 2022. (lcjmc1) (Entered: 09/26/2022) |
| 09/26/2022 | 63 | Memorandum in opposition to re 45 Motion to Dismiss filed by AMAALA JONES–BEY. (Attachments: # 1 Exhibit Indictment Facts Exhibit, # 2 Exhibit Biker Affidavit List)(Shurtz, David) (Entered: 09/26/2022) |
| 09/28/2022 | 64 | MOTION for Extension of Time to File Response/Reply as to 60 MOTION to Dismiss *Plaintiff's Amended Complaint*, 61 MOTION to Dismiss *Amended Complaint* by AMAALA JONES–BEY. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Shurtz, David) (Entered: 09/28/2022) |

| 10/03/2022 | | MINUTE ORDER re 64 Motion for Extension of Time to File Response/Reply: The Court ORDERS that the Motion is GRANTED. Plaintiff's Response to 60 Motion to Dismiss by AHMED AL–SHRAWI, CORY NOVICK, CARLOS TEJERA is due by October 20, 2022, and likewise Plaintiff's Response to 61 Motion to Dismiss by TERRENCE SUTTON is due by October 20, 2022. Intervenor Hylton's Response to these two Motions to Dismiss is due by November 3, 2022. Defendant Terrence Sutton's Reply is due November 17, 2022. Defendants Ahmed Al–Shawl, Cory Novick and Carlos Tejera's Reply is due December 7, 2022. Signed by Judge Jia M. Cobb on October 3, 2022. (lcjmc1) (Entered: 10/03/2022) |
| 10/13/2022 | 65 | ENTERED IN ERROR.....Memorandum in opposition to re 45 Motion to Dismiss filed by KAREN HYLTON. (Gerstein, Charles) Modified on 10/14/2022 (zed). (Entered: 10/13/2022) |
| 10/14/2022 | | NOTICE OF ERROR regarding 65 Memorandum in Opposition. The following error(s) need correction: Incorrect court header/case caption/case number. Please refile. (zed) (Entered: 10/14/2022) |
| 10/14/2022 | 66 | Memorandum in opposition to re 45 Motion to Dismiss filed by KAREN HYLTON. (Harrow, Jason) (Entered: 10/14/2022) |
| 10/20/2022 | 67 | Memorandum in opposition to re 60 Motion to Dismiss filed by AMAALA JONES–BEY. (Shurtz, David) (Entered: 10/20/2022) |
| 10/21/2022 | 68 | Memorandum in opposition to re 60 Motion to Dismiss filed by AMAALA JONES–BEY. (Shurtz, David) (Entered: 10/21/2022) |
| 11/03/2022 | 69 | RESPONSE re 60 MOTION to Dismiss *Plaintiff's Amended Complaint*, 61 MOTION to Dismiss *Amended Complaint* filed by KAREN HYLTON. (Gerstein, Charles) (Entered: 11/03/2022) |
| 11/14/2022 | 70 | Consent MOTION for Extension of Time to File Response/Reply as to 45 MOTION to Dismiss by DISTRICT OF COLUMBIA. (Seeman, Katrina) (Entered: 11/14/2022) |
| 11/14/2022 | | MINUTE ORDER granting 70 Consent Motion for Extension of Time to File Reply: Upon consideration of Defendant's Motion, the Court hereby ORDERS that the Motion is GRANTED. Defendant's Reply is due by November 18, 2022. Signed by Judge Jia M. Cobb on November 14, 2022. (lcjmc1) (Entered: 11/14/2022) |
| 11/16/2022 | 71 | Consent MOTION for Extension of Time to File Response/Reply as to 61 MOTION to Dismiss *Amended Complaint* by TERRENCE SUTTON. (Attachments: # 1 Text of Proposed Order)(Crowley, Daniel) (Entered: 11/16/2022) |
| 11/16/2022 | | MINUTE ORDER granting 71 Consent Motion for Extension of Time to File Reply: Upon consideration of the Defendant Sutton's Motion, the Court hereby ORDERS that the Motion is GRANTED. Defendant Sutton's Reply is due on December 2, 2022. Signed by Judge Jia M. Cobb on November 16, 2022. (lcjmc1) (Entered: 11/16/2022) |
| 11/18/2022 | 72 | REPLY to opposition to motion re 45 MOTION to Dismiss filed by DISTRICT OF COLUMBIA. (Seeman, Katrina) (Entered: 11/18/2022) |
| 12/02/2022 | 73 | REPLY to opposition to motion re 61 MOTION to Dismiss *Amended Complaint* filed by TERRENCE SUTTON. (Crowley, Daniel) (Entered: 12/02/2022) |
| 12/07/2022 | 74 | REPLY to opposition to motion re 60 MOTION to Dismiss *Plaintiff's Amended Complaint* filed by AHMED AL–SHRAWI, CORY NOVICK, CARLOS TEJERA. |

| | | (Seeman, Katrina) (Entered: 12/07/2022) |
|---|---|---|
| 12/22/2022 | 75 | NOTICE *of Conviction of Defendants Terrence Sutton and Andrew Zabavsky* by KAREN HYLTON (Gerstein, Charles) (Entered: 12/22/2022) |
| 01/13/2023 | 76 | NOTICE OF WITHDRAWAL OF APPEARANCE as to AHMED AL–SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, TERRENCE SUTTON, CARLOS TEJERA, ANDREW ZABAVSKY. Attorney James Arland Wiley terminated. (Wiley, James) (Entered: 01/13/2023) |
| 12/15/2023 | 77 | MOTION for Hearing *Under Rule 16 and Notice of Pendency of Motion to Dismiss* by KAREN HYLTON. (Gerstein, Charles) (Entered: 12/15/2023) |
| 12/18/2023 | 78 | STRIKEN PURSUANT TO THE MINUTE ORDER ENTERED ON 12/20/23.....RESPONSE re 77 MOTION for Hearing *Under Rule 16 and Notice of Pendency of Motion to Dismiss Plaintiff–Amaala Jones Bey, PR* filed by AMAALA JONES–BEY. (Attachments: # 1 Exhibit)(Shurtz, David) Modified on 12/29/2023, to strike. (zgf). (Entered: 12/18/2023) |
| 12/20/2023 | | MINUTE ORDER re 78 Response to Hylton's Motion for Hearing: Counsel for Ms. Jones–Bay informed the Court that her Response to Hylton's Motion for Hearing was improperly filed. Accordingly, it is ORDERED that the Response, ECF 78, is stricken. Signed by Judge Jia M. Cobb on December 20, 2023. (lcjmc1) (Entered: 12/20/2023) |
| 02/13/2024 | 79 | MOTION for Scheduling Order , MOTION to Compel *Discovery Conference* by KAREN HYLTON. (Gerstein, Charles) (Entered: 02/13/2024) |
| 02/13/2024 | | MINUTE ORDER: The Court hereby ORDERS that the Parties shall appear for a status conference to discuss case scheduling on February 21, 2024 at 1:00 P.M. The status conference will be on the record before Judge Jia M. Cobb and conducted via video. The Court's Deputy Clerk will provide the information necessary to access the hearing. Signed by Judge Jia M. Cobb on February 13, 2024. (lcjmc1) (Entered: 02/13/2024) |
| 02/18/2024 | 80 | MOTION to Continue *Status Hearing* by TERRENCE SUTTON. (Attachments: # 1 Text of Proposed Order)(Crowley, Daniel) (Entered: 02/18/2024) |
| 02/20/2024 | 81 | RESPONSE re 79 MOTION for Scheduling Order MOTION to Compel *Discovery Conference* filed by AMAALA JONES–BEY. (Shurtz, David) (Entered: 02/20/2024) |
| 02/20/2024 | | MINUTE ORDER granting 80 Defendant Sutton's Motion to Continue: Upon reviewing Mr. Sutton's motion, the Court finds good cause for the requested continuance and ORDERS that the motion is GRANTED. The Court further ORDERS that the Parties shall confer and contact Chambers with a new proposed date for the status conference. Signed by Judge Jia M. Cobb on February 20, 2024. (lcjmc1) (Entered: 02/20/2024) |
| 02/21/2024 | | MINUTE ORDER: The Court hereby ORDERS that the Parties shall appear for a status conference on February 29, 2024 at 10:30 A.M. The status conference will be on the record before Judge Jia M. Cobb and conducted via video. The Court's Deputy Clerk will provide the information necessary to access the hearing. Signed by Judge Jia M. Cobb on February 21, 2024. (lcjmc1) (Entered: 02/21/2024) |
| 02/27/2024 | 82 | Memorandum in opposition to re 79 Motion for Scheduling Order, Motion to Compel filed by AHMED AL–SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, |

| | | |
|---|---|---|
| | | CARLOS TEJERA. (Attachments: # 1 Exhibit A, Hearing Transcript)(Seeman, Katrina) (Entered: 02/27/2024) |
| 02/27/2024 | 83 | Cross MOTION to Stay re 79 MOTION for Scheduling Order MOTION to Compel *Discovery Conference*, 82 Memorandum in Opposition by AHMED AL−SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, CARLOS TEJERA. (Attachments: # 1 Exhibit A, Hearing Transcript)(Seeman, Katrina) (Entered: 02/27/2024) |
| 02/27/2024 | 84 | Memorandum in opposition to re 79 Motion for Scheduling Order, Motion to Compel filed by TERRENCE SUTTON. (Attachments: # 1 Text of Proposed Order)(Crowley, Daniel) (Entered: 02/27/2024) |
| 02/29/2024 | | Minute Entry for proceedings held before Judge Jia M. Cobb: Status Conference held on 2/29/2024. (Court Reporter Stacy Johns) (zdrf) (Entered: 02/29/2024) |
| 02/29/2024 | 85 | MOTION for Order *for Alternative or Date−Certain Service* by KAREN HYLTON. (Attachments: # 1 Text of Proposed Order Granting Alternative Service, # 2 Text of Proposed Order Directing Marshal Service)(Harrow, Jason) (Entered: 02/29/2024) |
| 02/29/2024 | 86 | ORDER granting 85 Plaintiff−Intervenor's Motion for Order for Alternative or Date−Certain Service: See document for details. The United States Marshal for the District of Columbia shall effect service on Defendant Andrew Zabavsky and file proof of service by no later than March 15, 2024. Signed by Judge Jia M. Cobb on February 29, 2024. (lcjmc1) (Entered: 02/29/2024) |
| 03/01/2024 | | MINUTE ORDER denying as moot 77 , 79 Plaintiff−Intervenor's Motions for a Scheduling Order: During the status conference on February 29, 2024, the Parties agreed that a scheduling order should issue after service is completed for all Defendants. Accordingly, the Court hereby ORDERS that Plaintiff−Intervenor's motions are denied without prejudice as moot. Signed by Judge Jia M. Cobb on March 1, 2024. (lcjmc1) (Entered: 03/01/2024) |
| 03/05/2024 | 87 | Second MOTION for Order *Granting motion for alternative or Marshal service on Andrew Zabavsky* by KAREN HYLTON. (Attachments: # 1 Text of Proposed Order Granting motion for alternative service, # 2 Text of Proposed Order Granting motion for Marshal service)(Gerstein, Charles) (Entered: 03/05/2024) |
| 03/08/2024 | | MINUTE ORDER: The Court hereby ORDERS that there shall be a status conference to discuss Plaintiff−Intervenor Hylton's motion for alternative service, ECF 87, on March 11, 2024, at 1 P.M. The hearing shall be on the record and held by video conference before Judge Jia M. Cobb. The Court's Deputy Clerk will provide the information necessary to access the hearing. Signed by Judge Jia M. Cobb on March 8, 2024. (lcjmc1) (Entered: 03/08/2024) |
| 03/11/2024 | | Minute Entry for proceedings held before Judge Jia M. Cobb: Status Conference held on 3/11/2024. (Court Reporter Stacy Johns) (zdrf) (Entered: 03/11/2024) |
| 03/21/2024 | | MINUTE ORDER granting 87 Plaintiff−Intervenor's Second Motion for Order Granting Alternative Service on Defendant Andrew Zabavsky: In light of Plaintiff−Intervenor's Motion, the Court ORDERS the Pretrial Services Agency to provide Andrew Zabavsky's address to the U.S. Marshals Service, so that the Marshals can effect service on Defendant Zabavsky. To be clear, the Court does not authorize alternative service on Mr. Zabavsky's criminal defense attorney, who does not appear to represent Mr. Zabavsky in this action. The Court will provide a copy of this Order to the U.S. Marshals Service to obtain the address from the Pretrial |

| | | |
|---|---|---|
| | | Services Agency. Signed by Judge Jia M. Cobb on March 21, 2024. (lcjmc1) (Entered: 03/21/2024) |
| 03/21/2024 | | MINUTE ORDER: The Court previously extended the deadline for service of Defendant Andrew Zabavsky to March 15, 2024, finding good cause in light of Plaintiff and Plaintiff–Intervenor's difficulty obtaining a service address for Defendant. *See* ECF 86. The Court has granted Plaintiff–Intervenor's request for alternative service to permit the U.S. Marshals Service to obtain Defendant's address from the Pretrial Services Agency. *See* 3/21/2024 Min. Order. However, since the previously–ordered service deadline has expired, and pursuant to Rule 4(m), Plaintiff–Intervenor is ORDERED by March 28, 2024, to seek any further extension of the service deadline and provide a revised, proposed order for the Court to sign directing the U.S. Marshals Service to effect service on Defendant once it has received Defendant's address. The proposed order shall make clear that any return of service be provided to Plaintiff or Plaintiff–Intervenor's attorneys of record in this action only, who will keep such information as "attorneys eyes only"––meaning that the dissemination of such information is limited to attorneys of record in this action only and shall not be filed on the public docket. Signed by Judge Jia M. Cobb on March 21, 2024. (lcjmc1) (Entered: 03/21/2024) |
| 03/21/2024 | 88 | MOTION for Extension of Time to *Effect Service of Defendant Andrew Zabavksy* by KAREN HYLTON. (Attachments: # 1 Text of Proposed Order)(Gerstein, Charles) (Entered: 03/21/2024) |
| 03/22/2024 | | MINUTE ORDER granting 88 Motion for Extension of Time to Effect Service: Upon consideration of the motion, and finding good cause shown, the Court hereby GRANTS Plaintiff–Intervenor Karen Hylton's motion for an extension of time to effect service on Defendant Andrew Zabavsky and extends Hylton and Plaintiff Amaala Jones–Bey's deadline to serve Zabavsky to May 20, 2024. Additionally, the Court GRANTS Hylton's motion for a further order that the United States Marshal for the District of Columbia be directed to effect service on Zabavsky. The Marshal is hereby ORDERED to effect service on Zabavsky expeditiously after receiving his residential address. The Marshal is further ORDERED to provide proof of service to Hylton's counsel, Charles Gerstein, and Jones–Bey's counsel, David Shurtz (by email at charlie@gerstein–harrow.com and dshurtz103@gmail.com), who are hereby ORDERED to keep proof of service confidential on an attorneys–eyes–only basis. Signed by Judge Jia M. Cobb on March 22, 2024. (lcjmc1) (Entered: 03/22/2024) |
| 03/22/2024 | 89 | ORDER: The Court dockets the attached order pursuant to its March 22, 2024 minute order. Signed by Judge Jia M. Cobb on March 22, 2024. (lcjmc1) (Entered: 03/22/2024) |
| 04/15/2024 | 90 | NOTICE of Change of Address by Daniel S. Crowley (Crowley, Daniel) (Entered: 04/15/2024) |
| 05/02/2024 | 91 | NOTICE OF SUBSTITUTION OF COUNSEL by Elise Levy on behalf of AHMED AL–SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, CARLOS TEJERA Substituting for attorney Robert A. DeBerardinis, Jr. (Levy, Elise) (Entered: 05/02/2024) |
| 05/10/2024 | 92 | Second MOTION for Scheduling Order *and Conference* by KAREN HYLTON. (Harrow, Jason) (Entered: 05/10/2024) |
| 05/13/2024 | | MINUTE ORDER: The Court directs the Parties to appear for a status conference on May 21, 2024, at 10:00 AM. The conference will be on the record and conducted via |

| | | |
|---|---|---|
| | | Zoom. The Court's Deputy Clerk will provide the information necessary to access the hearing. Signed by Judge Jia M. Cobb on May 13, 2024. (lcjmc1) (Entered: 05/13/2024) |
| 05/21/2024 | | Minute Entry for Status Conference held before Judge Jia M. Cobb on 5/21/2024. Status Conference set for 7/9/2024 at 11:30 AM to be heard via Zoom before Judge Jia M. Cobb. Order forthcoming from Chambers. (Court Reporter Timothy Miller) (zakb) (Entered: 05/21/2024) |
| 05/21/2024 | | MINUTE ORDER: setting Initial Scheduling Conference for July 9, 2024, at 11:30 A.M. before Judge Jia M. Cobb. The conference will be on the record and conducted via Zoom. The Court's Deputy Clerk will provide the information necessary to access the conference. The Parties shall file a joint report pursuant to Local Civil Rule 16.3(d) and Federal Rule of Civil Procedure 26(f)(2) by July 2, 2024. Signed by Judge Jia M. Cobb on May 21, 2024. (lcjmc3) (Entered: 05/21/2024) |
| 05/22/2024 | 93 | ORDER DIRECTING PRETRIAL SERVICES AGENCY TO APPEAR FOR HEARING: See document for details. The Court shall provide the relevant parties with a copy of the order. Signed by Judge Jia M. Cobb on May 22, 2024. (lcjmc1) (Entered: 05/22/2024) |
| 05/23/2024 | | MINUTE ORDER VACATING HEARING: The U.S. Marshals Service has informed the Court that the Pretrial Services Agency has provided the Marshals with Defendant Zabavsky's address. Accordingly, it is ORDERED that the hearing set for May 28, 2024, at 1:00 P.M. is VACATED. Consistent with the Court's prior order, any proof of service shall be filed under seal on an attorneys–eyes–only basis. *See* Min. Order (Mar. 21, 2024); Min. Order (Mar. 22, 2024). Signed by Judge Jia M. Cobb on May 23, 2024. (lcjmc1). (Entered: 05/23/2024) |
| 05/23/2024 | | MINUTE ORDER: The most recent deadline for serving Defendant Andrew Zabavsky was May 20, 2024. *See* Min. Order (Mar. 22, 2024). The Court held a hearing in this matter on May 21, 2024. At that hearing, Plaintiff and Plaintiff–Intervenor established good cause for failure to serve Defendant Zabavsky by the deadline––namely, that the Pretrial Services Agency had failed to comply with the Court's order requiring it to provide Defendant's address to the U.S. Marshals Service to effect service. That issue has since been resolved. *See* Min. Order (May 23, 2024). Accordingly, and for good cause shown, the Court extends the deadline to serve Defendant Zabavsky until July 2, 2024. If Plaintiff and Plaintiff–Intervenor fail to serve Defendant Zabavsky by that date, or fail to file a motion seeking an extension, the Court will dismiss Defendant Zabavsky from this action without prejudice. Signed by Judge Jia M. Cobb on May 23, 2024. (lcjmc1) (Entered: 05/23/2024) |
| 05/23/2024 | | SUMMONS (1) REISSUED as to ANDREW ZABAVSKY sent to U.S. Marshals Service (zsl) (Entered: 05/23/2024) |
| 05/31/2024 | 94 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ANDREW ZABAVSKY served on 5/29/2024, answer due 6/19/2024 (zdp) (Entered: 05/31/2024) |
| 06/13/2024 | 95 | MOTION for Partial Summary Judgment by KAREN HYLTON. (Attachments: # 1 Statement of Facts)(Gerstein, Charles) (Entered: 06/13/2024) |
| 06/14/2024 | 96 | MOTION to Vacate *26(f) Conference* by TERRENCE SUTTON. (Attachments: # 1 Text of Proposed Order)(Crowley, Daniel) (Entered: 06/14/2024) |

| 06/14/2024 | 97 | RESPONSE re 96 MOTION to Vacate *26(f) Conference* filed by KAREN HYLTON. (Harrow, Jason) (Entered: 06/14/2024) |
|---|---|---|
| 06/17/2024 | 98 | NOTICE of Appearance by Christopher A. Zampogna on behalf of ANDREW ZABAVSKY (Zampogna, Christopher) (Entered: 06/17/2024) |
| 06/18/2024 | 99 | MOTION for Extension of Time to *Respond to Complaints* by ANDREW ZABAVSKY. (Zampogna, Christopher) (Entered: 06/18/2024) |
| 06/20/2024 | 100 | MOTION to Hold in Abeyance re 95 MOTION for Partial Summary Judgment by TERRENCE SUTTON. (Attachments: # 1 Text of Proposed Order)(Crowley, Daniel) (Entered: 06/20/2024) |
| 06/25/2024 |  | MINUTE ORDER granting 99 Defendant Zabavsky's Motion for Extension of Time to Respond to Complaints: Defendant Zabavsky requests an extension to August 5, 2024, to respond to Plaintiffs' complaints. The Court finds good cause for the requested extension because Defendant Zabavsky was only recently served, this is his first request for an extension, and there are no objections to his motion. Accordingly, it is ORDERED that the motion is GRANTED. Defendant Zabavsky shall have until August 5, 2024, to respond to the complaints. Signed by Judge Jia M. Cobb on June 25, 2024. (lcjmc1) (Entered: 06/25/2024) |
| 06/25/2024 |  | MINUTE ORDER granting in part, denying in part 96 Motion to Vacate Rule 26(f) Conference; granting 100 Motion to Hold in Abeyance: The Court hereby GRANTS in part, and DENIES in part, Defendant Sutton's motion to vacate the July 9, 2024, scheduling conference. Because the last defendant in this matter was only recently served and his responses to the complaints are due August 5, 2024, the Court finds good cause for a brief continuance of the scheduling conference so that the conference takes place after the final defendant has responded to the complaints and all Parties can participate in the meet and confer discussions. The Court converts the scheduling conference currently set for July 9, 2024, at 11:30 A.M. to a status conference rather than vacating it in its entirety. At the status conference, the Court will issue its ruling on the pending motions to dismiss. It is further ORDERED that Defendant Sutton's motion to hold Plaintiff Hylton's motion for partial summary judgment in abeyance is GRANTED. Although the Court understands that the motion is opposed, the Court finds good cause for the request and no prejudice to any party. The Court will set a schedule for briefing the partial motion for summary judgment at the upcoming status hearing so that there will not be any significant delay in the Parties' briefing, and the Court considering, the motion.<br><br>It is further ORDERED that the Parties shall appear for a continued scheduling conference on August 15, 2024 at 10:00 A.M. The conference will be on the record and in–person in Courtroom 3 before Judge Jia M. Cobb. The Parties shall file a joint report pursuant to Local Civil Rule 16.3(d) and Federal Rule of Civil Procedure 26(f)(2) by August 12, 2024. In addition to the topics required to be included in the report by the aforementioned rules, the Parties' joint report must also include the Parties' proposed plan to navigate potential Fifth Amendment privilege issues and the Parties' respective positions on any stay of discovery in light of those issues. The Court also expects all counsel to have conferred with their clients about settlement prior to the scheduling conference and to be prepared to represent whether their respective clients agree to participate in mediation. Signed by Judge Jia M. Cobb on June 25, 2024 (lcjmc1). (Entered: 06/25/2024) |
| 06/28/2024 | 101 |  |

| | | |
|---|---|---|
| | | NOTICE OF WITHDRAWAL OF APPEARANCE as to AHMED AL–SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, CARLOS TEJERA. Attorney Katrina Marie Seeman terminated. (Seeman, Katrina) (Entered: 06/28/2024) |
| 07/05/2024 | | MINUTE ORDER: It is hereby ORDERED that the status conference set for July 9, 2024, is CONTINUED to July 16, 2024 at 11:30 A.M. The conference will be on the record and conducted via Zoom. The Court's Deputy Clerk will provide the information necessary to access the conference. Signed by Judge Jia M. Cobb on July 5, 2024. (lcjmc1) (Entered: 07/05/2024) |
| 07/13/2024 | 102 | RESPONSE re 95 MOTION for Partial Summary Judgment *Z.J.B Plaintiff Response* filed by AMAALA JONES–BEY. (Attachments: # 1 Affidavit, # 2 Affidavit, # 3 Exhibit, # 4 Declaration)(Shurtz, David) (Entered: 07/13/2024) |
| 07/15/2024 | 103 | NOTICE of Appearance by Abraham Bluestone on behalf of ANDREW ZABAVSKY (Bluestone, Abraham) (Entered: 07/15/2024) |
| 07/16/2024 | | Minute Entry for video proceedings held before Judge Jia M. Cobb: Status Conference held on 7/16/2024. Oral ruling issued granting in part and denying in part 45 Motion to Dismiss, 60 Motion to Dismiss *Plaintiff's Amended Complaint*, and 61 Motion to Dismiss *Amended Complaint*. Responses to Motion for Summary Judgment are due by 9/30/2024. Replies to Motion for Summary Judgment are due by 10/14/2024. Order forthcoming via Chambers. (Court Reporter: Stacy Johns) (zalh) (Entered: 07/16/2024) |
| 07/17/2024 | 104 | NOTICE of Appearance by Katelyn Clarke on behalf of TERRENCE SUTTON (Clarke, Katelyn) (Entered: 07/17/2024) |
| 07/22/2024 | 105 | MEMORANDUM OPINION re 45 Defendant District of Columbia's Motion to Dismiss; 60 Defendants Al–Shrawi, Novick, and Tejera's Motion to Dismiss; and 61 Defendant Sutton's Motion to Dismiss: See document for details. Signed by Judge Jia M. Cobb on July 22, 2024. (lcjmc1) (Entered: 07/22/2024) |
| 07/22/2024 | 106 | ORDER granting in part and denying in part 45 Defendant District of Columbia's Motion to Dismiss; 60 Defendants Al–Shrawi, Novick, and Tejera's Motion to Dismiss; and 61 Defendant Sutton's Motion to Dismiss: See document for details. Signed by Judge Jia M. Cobb on July 22, 2024. (lcjmc1) (Entered: 07/22/2024) |
| 07/22/2024 | | MINUTE ORDER finding as moot 83 Defendant District of Columbia, Al–Shrawi, Novick and Tejera's Cross–Motion to Stay; 92 Plaintiff–Intervenor's Second Motion for Scheduling Order: The Court has resolved Defendants District of Columbia, Al–Shrawi, Novick and Tejera's motions to dismiss, *see* ECF 105, and ordered the Parties to appear for a scheduling conference, *see* Min. Order (June 25, 2024). Accordingly, it is ORDERED that Defendants' motion to stay and Plaintiff–Intervenor's motion to issue a scheduling order are DENIED as MOOT. Signed by Judge Jia M. Cobb on July 22, 2024. (lcjmc1) (Entered: 07/22/2024) |
| 08/05/2024 | 107 | MOTION to Dismiss by ANDREW ZABAVSKY. (Zampogna, Christopher) (Entered: 08/05/2024) |
| 08/05/2024 | 108 | ANSWER to 26 Amended Complaint by AHMED AL–SHRAWI, DISTRICT OF COLUMBIA, CORY NOVICK, CARLOS TEJERA.(Levy, Elise) (Entered: 08/05/2024) |
| 08/05/2024 | 109 | Unopposed MOTION for Extension of Time to File Answer re 26 Amended Complaint by TERRENCE SUTTON. (Crowley, Daniel) (Entered: 08/05/2024) |

| 08/06/2024 | | MINUTE ORDER granting 109 Defendant Sutton's Unopposed Motion for Extension of Time to Answer: It is hereby ORDERED that the motion is GRANTED, and that Defendant Sutton shall have until August 8, 2024, to respond to the second amended complaint. Signed by Judge Jia M. Cobb on August 6, 2024. (lcjmc1) (Entered: 08/06/2024) |
|---|---|---|
| 08/08/2024 | 110 | ANSWER to 26 Amended Complaint by TERRENCE SUTTON.(Crowley, Daniel) (Entered: 08/08/2024) |
| 08/12/2024 | 111 | MEET AND CONFER STATEMENT. (Harrow, Jason) (Entered: 08/12/2024) |
| 08/12/2024 | 112 | MEET AND CONFER STATEMENT. (Levy, Elise) (Entered: 08/12/2024) |
| 08/13/2024 | 113 | ENTERED IN ERROR.....ERRATA *Regarding Signature on Docket Number 112* by KAREN HYLTON. (Gerstein, Charles) Modified on 8/14/2024 (zdp). (Entered: 08/13/2024) |
| 08/14/2024 | | NOTICE OF ERROR regarding 113 Errata. The following error(s) need correction: Incorrect format (Letter)– correspondence is not permitted (LCvR 5.1(a)). Please refile. (zdp) (Entered: 08/14/2024) |
| 08/14/2024 | | MINUTE ORDER to Show Cause: Pursuant to Local Civil Rule 84.4(a)(2), Plaintiff–Intervenor should be prepared to explain to the Court at the upcoming scheduling conference why the Court should not refer this case to early mediation, particularly given the apparent willingness of all other Parties to attempt to resolve this matter before expending additional resources on further briefing and discovery. Signed by Judge Jia M. Cobb on August 14, 2024. (lcjmc2) Modified on 8/14/2024 to correct docket text(rj). (Entered: 08/14/2024) |
| 08/14/2024 | 114 | RESPONSE TO ORDER TO SHOW CAUSE re 8/14/2024 Order, , , Order to Show Cause by KAREN HYLTON. (Harrow, Jason) Modified docket text on 8/15/2024 (zdp). (Entered: 08/14/2024) |
| 08/14/2024 | 115 | MOTION to Stay by TERRENCE SUTTON. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Crowley, Daniel) (Entered: 08/14/2024) |
| 08/15/2024 | | Minute Entry for Initial Scheduling Conference proceeding held on 8/15/2024 before Judge Jia M. Cobb. Oral Order REFERRING CASE for Mediation to Magistrate Judge Harvey. Plaintiffs Summary Judgment motion due by 8/19/2024. Defendants Motion to Strike due by 9/16/2024. Responses due by 9/30/2024. Replies due by 10/7/2024. Oral Arguments on Motions Hearing set for 10/16/2024 at 10:30 AM in Courtroom 3– In Person before Judge Jia M. Cobb. (Court Reporter Stacy Johns.) (zed) (Entered: 08/15/2024) |
| 08/16/2024 | | MINUTE ORDER denying 115 Motion for a Stay: Defendant's motion for a stay of proceedings is DENIED in part and DENIED as MOOT in part. With respect to Defendant's request to stay briefing on Plaintiff–Intervenor's motion for partial summary judgment, ECF 95, the Court denied Defendant's motion by Oral Order and ordered further briefing on Plaintiff–Intervenor's motion. With respect to Defendant's request to stay discovery, Defendant's motion is moot given the Parties' agreement to stay discovery. Defendant is free to renew his motion at the appropriate time before the Court enters a scheduling order in this case. Signed by Judge Jia M. Cobb on August 16, 2024. (lcjmc1) (Entered: 08/16/2024) |
| 08/16/2024 | | CASE DIRECTLY REFERRED to Magistrate Judge G. Michael Harvey for Mediation. (znmw) (Entered: 08/16/2024) |

| 08/16/2024 | 116 | RESPONSE re 107 MOTION to Dismiss filed by AMAALA JONES–BEY. (Attachments: # 1 Exhibit, # 2 Exhibit)(Shurtz, David) (Entered: 08/16/2024) |
| 08/19/2024 | 117 | MEDIATION STANDING ORDER. Signed by Magistrate Judge G. Michael Harvey on 8/19/24. (MFB) (Entered: 08/19/2024) |
| 08/19/2024 | 118 | MOTION for Partial Summary Judgment by AMAALA JONES–BEY. (Attachments: # 1 Exhibit, # 2 Exhibit)(Shurtz, David) (Entered: 08/19/2024) |
| 08/19/2024 | 119 | MOTION for Extension of Time to File by AMAALA JONES–BEY. (Attachments: # 1 Text of Proposed Order)(Shurtz, David) (Entered: 08/19/2024) |
| 08/20/2024 | | ORDER granting 119 Motion for Extension: Having considered the motion, and for good cause shown, the Court GRANTS the motion. It is further ORDERED that Plaintiff's motion for partial summary judgment is due by August 24, 2024. Signed by Judge Jia M. Cobb on August 20, 2024. (lcjmc1) (Entered: 08/20/2024) |
| 08/20/2024 | 120 | NOTICE OF INTERLOCUTORY APPEAL as to 106 Order on Motion to Dismiss,,,,, 105 Order, by AHMED AL–SHRAWI, CORY NOVICK, CARLOS TEJERA. Fee Status: No Fee Paid. Parties have been notified. (Levy, Elise) (Entered: 08/20/2024) |
| 08/20/2024 | 121 | NOTICE OF INTERLOCUTORY APPEAL as to 106 Order on Motion to Dismiss,,,,, 105 Order, by TERRENCE SUTTON. Filing fee $ 605, receipt number ADCDC–11104984. Fee Status: Fee Paid. Parties have been notified. (Crowley, Daniel) (Entered: 08/20/2024) |
| 08/21/2024 | 122 | NOTICE of Non–Response by KAREN HYLTON re 118 Motion for Partial Summary Judgment (Gerstein, Charles) (Entered: 08/21/2024) |
| 08/21/2024 | 123 | Consent MOTION for Extension of Time to File Response/Reply as to 107 MOTION to Dismiss by ANDREW ZABAVSKY. (Zampogna, Christopher) (Entered: 08/21/2024) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

AMAALA JONES-BEY, *et al.*,

        *Plaintiffs*,

       v.

DISTRICT OF COLUMBIA, *et al.*,

        *Defendants*.

Civil Action No. 1:21-cv-02674-JMC

## DEFENDANTS DISTRICT OF COLUMBIA, CARLOS TEJERA,
## CORY NOVICK, AND AHMED AL-SHRAWI'S NOTICE OF APPEAL

Please take notice that Defendants Carlos Tejera, Cory Novick, and Ahmed Al-Shrawi

hereby appeal to the U.S. Court of Appeals for the District of Columbia Circuit this Court's July

22, 2024 Order partially denying Defendants' Motion to Dismiss [ECF Nos. 105, 106].

Date:  August 20, 2024

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Elise Levy*
ELISE LEVY [90018007]
Assistant Attorney General
Civil Litigation Division
400 6th Street NW
Washington, D.C. 20001
Phone:  (202) 549-0030
Fax:  (202) 585-0344
Email:  elise.levy@dc.gov

*Counsel for Defendants District of Columbia, Carlos Tejera, Ahmed Al-Shrawi, and Cory Novick*

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMAALA JONES-BEY, *et al.*, | |
| Plaintiffs, | Case No. 1:21-cv-02674 (JMC) |
| v. | |
| DISTRICT OF COLUMBIA, *et al.*, | |
| Defendants. | |

**ORDER**

As stated on the record on July 16, 2024, and for the reasons stated in the accompanying memorandum opinion, it is hereby **ORDERED** that

The District of Columbia's motion to dismiss, ECF 45, is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** with respect to the following: Plaintiff Jones-Bey's Fourth Amendment claim (pursuant to 42 U.S.C. § 1983) and claims for battery, assault, negligence per se (including "statutory battery"), negligent infliction of emotional distress, intentional infliction of emotional distress, and negligent hiring. The motion is **DENIED** with respect to the following claims: Plaintiff Jones-Bey's Fifth Amendment (pursuant to 42 U.S.C. § 1983) and negligent training, supervision, and retention claims, as well as Plaintiff Jones-Bey's and Plaintiff Intervenor Hylton's negligence claims. It is further

**ORDERED** that Defendants Al-Shrawi, Novick, and Tejera's motion to dismiss, ECF 60, is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** with respect to the following: Plaintiff Jones-Bey's Fourth Amendment claim (pursuant to 42 U.S.C. § 1983) and claims for battery, assault, negligence, negligence per se (including "statutory battery"), negligent infliction of emotional distress, and intentional infliction of emotional distress, as well as Plaintiff

1

Intervenor Hylton's negligence claim. The motion is **DENIED** with respect to the following claims: Plaintiff Jones-Bey's and Plaintiff Intervenor Hylton's Fifth Amendment claims (pursuant to 42 U.S.C. § 1983).

**ORDERED** that Defendant Sutton's motion to dismiss, ECF 61, is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** with respect to the following: Plaintiff Jones-Bey's Fourth Amendment claim (pursuant to 42 U.S.C. § 1983) and claims for battery, assault, negligence, negligence per se (including "statutory battery"), negligent infliction of emotional distress, and intentional infliction of emotional distress, as well as Plaintiff Intervenor Hylton's negligence claim. The motion is **DENIED** with respect to the following claims: Plaintiff Jones-Bey's and Plaintiff Intervenor Hylton's Fifth Amendment claims (pursuant to 42 U.S.C. § 1983).

**SO ORDERED.**

JIA M. COBB
United States District Judge

Date: July 22, 2024

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMAALA JONES-BEY, *et al.*,

                Plaintiffs,

     v.

DISTRICT OF COLUMBIA, *et al.*,

                Defendants.

Civil Action No. 1:21-cv-02674 (JMC)

### MEMORANDUM OPINION[1]

Karon Hylton-Brown borrowed his friend's moped to search for his lost car keys. Metropolitan Police Department (MPD) officer Terence Sutton, who was driving a police car, saw Hylton-Brown and, according to the allegations in this case, recognized an opportunity to harass or steal money from him. So, he tried to stop Hylton-Brown. Sutton had three officers in his car at the time: Carlos Tejera, Ahmed Al-Shrawi, and Cory Novick. MPD Lieutenant Andrew Zabavsky was nearby, driving another police car. Hylton-Brown was afraid of these officers based on his past experiences with them, and he rode off to avoid them.

The MPD officers pursued him. They chased him down residential streets, exceeded speed limits, drove through at least seven stop signs without stopping, and went the wrong way down one-way streets. The pursuit ended when a civilian-driven SUV struck Hylton-Brown's moped as officers chased him out of an alleyway. He tragically died from his injuries.

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

Sutton was convicted of second-degree murder for his actions during the chase. *See United States v. Sutton, et al.*, Criminal Action No. 21-cr-598 (ECF 426). He and Zabavsky were also convicted of obstruction of justice and conspiracy to obstruct justice for interfering with the investigation of Hylton-Brown's death. *See id.*

In this civil action, Plaintiff Amaala Jones-Bey, as the representative of Hylton-Brown's estate and on behalf of his minor child, seeks damages against the officers (Individual Defendants) and their employer, the District of Columbia, for a litany of constitutional violations and common law torts. She alleges that Defendants violated the Fourth and Fifth Amendments of the Constitution, as well as committed battery, assault, negligence, negligence per se, negligent infliction of emotional distress, and intentional infliction of emotional distress. She brings additional claims against the District for negligently hiring, training, supervising, and retaining the Individual Defendants. Hylton-Brown's mother, Karen Hylton, has intervened in this action. Her complaint in intervention alleges two claims—a § 1983 claim against the Individual Defendants for violating the Fifth Amendment and a claim for negligence against all Defendants.

Defendants District of Columbia, Sutton, Tejera, Al-Shrawi, and Novick have moved to dismiss all claims against them. Zabavsky had not been served at the time the other Defendants moved to dismiss this case and has not yet responded to Plaintiffs' complaints. The Court GRANTS in part and DENIES in part Defendants' motions. The following claims will proceed to discovery: Plaintiffs' Fifth Amendment claims against the moving Defendants; Plaintiffs' negligence claims against the District only; and Jones-Bey's negligent training, supervision, and retention claims against the District. The remaining claims are dismissed, for the reasons described below.

2

I.     **FACTUAL BACKGROUND**

The following facts are taken from Jones-Bey's and Hylton's operative complaints. ECF 26; ECF 32-1.[2]

 Around 10:00 PM on October 23, 2020, Karon Hylton-Brown was on Kennedy Street, Northwest. ECF 32-1 ¶ 32. He realized that his car keys were missing, so he borrowed a friend's electric moped to look for them. *Id.* ¶¶ 1, 33–36; ECF 26 ¶¶ 23–29. He had $3,156 in his pocket at the time. ECF 32-1 ¶¶ 2, 32. Hylton-Brown was not wearing a helmet while riding the moped. *Id.* ¶¶ 1, 39.

Two police cars passed Hylton-Brown moments after he had begun looking for his keys. *Id.* ¶ 36. The police cars made a U-turn and angled back toward him. *Id.* Metropolitan Police Department (MPD) Officer Terence Sutton drove the first car, accompanied by three other MPD officers: Ahmed Al-Shrawi, Cory Novick, and Carlos Tejera. *Id.* ¶¶ 1, 37–38; ECF 26 ¶ 48. Lieutenant Andrew Zabavsky drove the second car. ECF 26 ¶ 48; ECF 32-1 ¶¶ 1, 38.

Many people in the community feared interacting with Sutton because he routinely took money or other property from them for no reason. ECF 32-1 ¶¶ 29, 40. Hylton-Brown was also scared of Sutton—Sutton had stopped Hylton-Brown many times before and had also taken money from him. *Id.* ¶¶ 1, 28–29, 40; ECF 26 ¶ 235. So when he saw the police cars, Hylton-Brown turned his moped around and rode off to avoid them. ECF 32-1 ¶¶ 40–41.

Because of his prior interactions with Hylton-Brown, Sutton suspected that Hylton-Brown had money on him. *Id.* ¶ 39. Plaintiffs' complaints allege their belief that Sutton wanted to take Hylton-Brown's money from him on this occasion. *Id.*; ECF 26 ¶ 56. The officers also may have

---

[2] Plaintiffs have amended their complaints throughout this litigation, but for ease of reference, the Court will refer to Plaintiffs' pleadings as their "complaint(s)," without reference to the number of times they have been amended.

thought it would be fun to stop Hylton-Brown to harass him. ECF 26 ¶ 95; ECF 32-1 ¶ 93. So, Sutton and Zabavsky flashed their police lights and pursued him. ECF 32-1 ¶ 43.

For more than three minutes, the two cars chased Hylton-Brown across ten city blocks. *Id.* ¶¶ 1, 47; *see also* ECF 26 ¶ 222. Sutton outpaced the speed limit, ignored at least seven stop signs, and drove in the wrong direction down one-way streets throughout the chase. ECF 32-1 ¶ 50. At no point did Al-Shrawi, Novick, or Tejera attempt to stop Sutton or discourage his pursuit. *Id.* ¶ 51; ECF 26 ¶ 117. Instead, apparently knowing (and sharing) Sutton's motive, ECF 26 ¶ 56, they assisted by pointing out Hylton-Brown as Sutton drove the car, presumably to help direct him, ECF 32-1 ¶ 51. Internal MPD policies proscribe these types of vehicular pursuits, ECF 26 ¶¶ 51–61, because the District knows that they are inherently dangerous, *see id.* ¶ 19.

The officers chased Hylton-Brown into an alleyway connecting the 700 blocks of Jefferson and Kennedy Streets. ECF 32-1 ¶ 52; *see* ECF 26 ¶¶ 195, 222. Sutton accelerated as Hylton-Brown approached the Kennedy Street intersection. ECF 32-1 ¶ 53. As soon as Hylton-Brown turned onto Kennedy Street, an oncoming SUV hit him. *Id.* ¶ 54; *see also* ECF 26 ¶ 152. He was thrown to the concrete more than twelve feet from the moped. ECF 32-1 ¶¶ 1, 54. Blood began to pool around Hylton-Brown's head as he lay unconscious in the street. *Id.* ¶ 56.

Sutton, Al-Shrawi, Novick, and Tejera got out of Sutton's car and examined the situation. *Id.* ¶¶ 55–57. Despite Hylton-Brown's condition, the officers did not act quickly—they did not immediately call for an ambulance, communicate anything to MPD dispatch, or collect any evidence. *Id.* ¶¶ 58–59; ECF 26 ¶¶ 59, 62–64, 113. Sutton even went over to talk with the SUV driver while Hylton-Brown remained motionless on the ground. ECF 32-1 ¶ 60. Eventually, an ambulance arrived and took Hylton-Brown to the hospital. *Id.* ¶¶ 67, 70. But Sutton and Zabavsky did not provide the EMT driver with Hylton-Brown's name, even though they knew it. *Id.* ¶ 82;

4

ECF 26 ¶¶ 67, 184. They let him go to the hospital as John Doe, delaying notification to Hylton-Brown's family and encumbering investigation into the incident. *Id.* Hylton-Brown later died because of the injuries he suffered in the crash. ECF 26 ¶ 75; ECF 32-1 ¶¶ 1–2.

A female officer approached Sutton about twenty minutes after the crash and told him that she had collected witness information and videos. ECF 32-1 ¶ 74. Sutton told her that he would write the report and instructed her to let the SUV driver go. *Id.* Sutton then met with Zabavsky privately. *Id.* ¶ 76. They turned off their body-worn cameras and conversed for a while at the scene. *Id.* ¶¶ 76–77; ECF 26 ¶¶ 63, 109. Sutton and Zabavsky left the scene and returned to the police station, ECF 26 ¶ 65; ECF 32-1 ¶ 77, but not before officers drove over some of the crash scene evidence.  ECF 26 ¶¶ 114, 271; ECF 32-1 ¶ 78.

Sutton and Zabavsky met with their watch commander at the station. ECF 26 ¶ 65; ECF 32-1 ¶¶ 79–80. They told their watch commander they had *not* engaged in a vehicular pursuit of Hylton-Brown and minimized the extent of the injuries that Hylton-Brown had suffered. ECF 26 ¶¶ 65–67; ECF 32-1 ¶¶ 80–81.

Sutton and Zabavsky faced serious punishment for their conduct. Sutton was fired from MPD. ECF 32-1 ¶ 25. Almost a year later, he was charged with one count of second-degree murder, and both Sutton and Zabavsky were charged with one count of obstruction of justice and one count of conspiracy. *Id.* ¶¶ 1, 6-7, 83; *see* ECF 26 ¶ 86; *see also Sutton, et al.*, Criminal Action No. 21-cr-598.[3] They were convicted on all counts. *See Sutton, et al.*, Criminal Action No. 21-cr-598 (ECF 426).

---

[3] Courts may take judicial notice of public records at the motion to dismiss stage. *See, e.g.*, *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

According to Plaintiffs, the Individual Defendants' conduct in this case was not a one-off occurrence, but part of a widespread practice among MPD officers who routinely initiate dangerous vehicle pursuits to stop and harass (Black) bikers for sport. *See, e.g.*, ECF 26 ¶¶ 3, 17; ECF 32-1 ¶ 30. Jones-Bey alleges that she is aware of hundreds of instances in which MPD officers have similarly targeted bikers by chasing them with their police cars, ECF 26 ¶¶ 69–72, and the District has been sued for its officers' conduct before, *id.* ¶¶ 69, 104–05. Despite being on notice of a serious problem, the District has allegedly done nothing to address the issue, including by effectively training and supervising its officers. *Id.* ¶¶ 104–06, 118–22. Indeed, according to Jones-Bey, the District was aware of prior, unlawful conduct by at least some of the Individual Defendants related to vehicular pursuits before Hylton-Brown's death, but did not discipline these officers, adequately supervise them, or provide additional training to correct their behavior. *Id.* ¶¶ 116, 268, 271.

Jones-Bey's complaint alleges that Defendants violated the Fourth and Fifth Amendments of the Constitution (pursuant to 42 U.S.C. § 1983), as well as committed battery, assault, negligence, negligence per se, negligent infliction of emotional distress, and intentional infliction of emotional distress. She brings additional claims against the District for negligently hiring, training, supervising, and retaining the Individual Defendants. Hylton's complaint in intervention alleges two claims—a § 1983 claim against the Individual Defendants for violating the Fifth Amendment and a claim for negligence against all Defendants.

The District of Columbia filed a motion to dismiss. ECF 45. Jones-Bey and Hylton each filed a response. ECF 63 (Jones-Bey); ECF 66 (Hylton). The District of Columbia replied. ECF 72. Al-Shrawi, Novick, and Tejera—the three passengers in Sutton's car—filed a motion to dismiss together. ECF 60. Jones-Bey and Hylton filed their own responses. ECF 68 (Jones-Bey);

ECF 69 (Hylton). The three individual officers replied. ECF 74. Finally, Sutton filed his own motion to dismiss. ECF 61. Jones-Bey filed a Response, ECF 67, as did Hylton, ECF 69. Sutton replied. ECF 73. These motions are ripe for resolution.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has facial plausibility when a plaintiff pleads all the elements of the claim and supports those elements with enough factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Additionally, courts must "assume [the] veracity" of any "well-pleaded factual allegations" in a complaint. *Id.* at 679.

## III.    ANALYSIS

Defendants District of Columbia, Sutton, Tejera, Al-Shrawi, and Novick have moved to dismiss all of Plaintiffs' claims against them. The Court takes each of their arguments in turn below.

### A.  Plaintiffs' Constitutional Claims Pursuant to 42 U.S.C. § 1983

Both Plaintiffs bring constitutional claims against Defendants. Jones-Bey alleges that Defendants violated Hylton-Brown's Fourth and Fifth Amendment (due process) rights. Hylton's complaint in intervention alleges violations of the Fifth Amendment against the Individual Defendants only. The Court dismisses Jones-Bey's Fourth Amendment claims against Defendants District of Columbia, Sutton, Tejera, Al-Shrawi, and Novick, but Plaintiffs' Fifth Amendment claims survive.

7

*1.  Jones-Bey's Complaint Does Not State a Viable Fourth Amendment Claim*

Jones-Bey alleges that the officers' conduct violated the Constitution's Fourth Amendment. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. This case concerns the "seizure" component of the Fourth Amendment. Jones-Bey alleges that the officers unreasonably seized Hylton-Brown when they chased him and he collided with a civilian's SUV. Defendants argue that they did not violate the Fourth Amendment because no seizure occurred. The Court agrees with Defendants that the officers did not "seize" Hylton-Brown on the facts alleged in Jones-Bey's complaint.

For Fourth Amendment purposes, officers can effect a "seizure" by physical force and by "acquisition of control." *Torres v. Madrid*, 592 U.S. 306, 322 (2021). "[S]eizure by acquisition of control involves either voluntary submission to a show of authority or the termination of freedom of movement." *Id.*

The Parties disagree whether Jones-Bey's complaint sufficiently alleges that the officers acquired control over Hylton-Brown by terminating his movement.[4] Ample precedent speaks to this issue. The Supreme Court has made clear that "a Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement… nor even whenever there is a governmentally caused and governmentally *desired* termination of an individual's freedom of movement…but only when there is governmental termination of freedom of movement *through means intentionally applied*." *County of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998) (quoting *Brower v. County of Inyo*, 489 U.S. 593, 596–97 (1989) (emphasis

---

[4] Jones-Bey's complaint refers to the officers using "deadly" and "excessive" force, seemingly referring to both the officers' pursuit of Hylton-Brown and the impact of the crash. ECF 26 ¶¶ 85, 186-187. But her opposition makes clear that her theory involves the "termination of movement" category of seizure, ECF 63 at 6–7. The Court agrees that is the relevant question in this case.

added)). Accordingly, the Supreme Court has found a seizure in a case in which officers erected a roadblock "to produce a stop by physical impact if voluntary compliance [did] not occur," *Brower*, 489 U.S. at 598, but observed that there would be no seizure if a "pursuing police car sought to stop the suspect only by show of authority…but accidentally stopped the suspect by crashing into him," *Lewis*, 523 U.S. at 844 (citing *Brower*, 489 U.S. at 597). In the former example, the police stopped the suspect "through means intentionally applied," a roadblock that they put into place, but in the latter example the officer did not intend to stop the suspect by colliding with him—even though he did.

Applying the Supreme Court's precedent, the Court finds that there was no seizure on the facts alleged in Jones-Bey's complaint. The officers' "pursuit in attempting to seize [Hylton-Brown] does not amount to a seizure," *id.* at 843–44 (citing *California v. Hodari D.*, 499 U.S. 621, 626 (1991)), so chasing Hylton-Brown is not seizing him. And, contrary to Jones-Bey's arguments, the collision is not a seizure because her complaint does not contain any allegations from which the Court can infer that the crash was the result of "means intentionally applied" by the officers. Jones-Bey's complaint refers to the crash as a "trap laid for [Hylton-Brown]," but that is because, she alleges that the "officers knew or should have known of the potential danger to Hylton[-Brown] being hit by another vehicle" and a collision with an oncoming car was "predictable." ECF 26 ¶ 182. Those allegations do not support an inference that the crash was the result of any means that the officers "intentionally applied" under the law the Court just articulated. *See Lewis*, 523 U.S. at 844 (citing *Brower*, 489 U.S. at 597).

Hylton-Brown tragically collided with a civilian's car. There is nothing in the complaint from which the Court can infer that the officers purposefully orchestrated these events to involve that third party or had any control over that person or the SUV. To the contrary, Jones-Bey argues

that officers "chase[d] [Hylton-Brown] down a blind alleyway and into oncoming traffic," ECF 63 at 6, suggesting that the officers may not have even known what was ahead of Hylton-Brown, much less that they had any control over the means that killed him. And Jones-Bey's argument that "Defendants sought to restrain and ultimately succeeded in seizing Hylton-Brown" through their "intentional actions," ECF 63 at 5–6, does not persuade the Court because, as the Court observed earlier, a seizure does not occur "whenever there is a governmentally caused and governmentally desired termination of an individual's freedom of movement." *Lewis*, 523 U.S. at 844 (quoting *Brower*, 489 U.S. at 596–97). The officers may have wanted to stop Hylton-Brown, may have known a collision was likely, and may have even caused the crash that killed him, but none of that is sufficient for a seizure under the Fourth Amendment. *See id.* Accordingly, the Court dismisses Jones-Bey's Fourth Amendment claims.

### 2. *Plaintiffs' Fifth Amendment Claims Against Defendants Survive*

Jones-Bey and Hylton allege that the officers violated the Fifth Amendment's Due Process Clause when they chased Hylton-Brown into oncoming traffic, resulting in his death. Defendants move to dismiss, arguing that Plaintiffs do not state viable Fifth Amendment claims for which they can be held responsible. For the reasons the Court sets forth below, the Court denies Defendants' motions to dismiss Plaintiffs' Fifth Amendment claims and allows those claims to proceed to discovery. The Court first addresses whether Plaintiffs' allegations establish a predicate Fifth Amendment violation and concludes that they do. The Court then considers whether Plaintiffs can pursue their claims against Defendants and determines that, based on Plaintiffs' allegations, the Individual Defendants are not entitled to qualified immunity. The Court also finds that the District may be liable for the officers' constitutional violations pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

10

(a) <u>Plaintiffs' Complaints Allege Violations of the Fifth Amendment</u>

The Fifth Amendment's Due Process Clause provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Due Process Clause is "intended to prevent government officials from abusing their power, or employing it as an instrument of oppression." *Lewis*, 523 U.S. at 840 (quoting *Collins v. Harker Heights*, 503 U.S. 115, 126 (1992)). It "guarantee[s] more than fair process" and "cover[s] a substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them." *Id*. But for government conduct to violate the right to substantive due process, the conduct must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.* at 847 n.8. Conduct that is "intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Id*. at 849.

In *County of Sacramento v. Lewis*, the Supreme Court considered a substantive due process claim in a case that similarly involved a fatal police car chase. The decedent was a passenger on a motorcycle that another person was operating. *Id.* at 836–37. The motorcycle driver was speeding, and two officers in separate patrol cars tried to stop him. *Id.* at 837. The motorcycle driver fled from the officers with the passenger in tow, weaved in and out of traffic, and forced other motorists to swerve off the road. *Id.* One of the officers pursued the motorcycle on a high-speed chase. *Id.* The chase ended when the motorcycle tipped over. *Id.* The officer slammed on his brakes but could not avoid hitting the motorcycle's passenger with his car and killing him. *Id.*

Finding that the officer's conduct did *not* violate the Due Process Clause, the Supreme Court announced a rule applicable to police vehicular pursuits: "chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the [Due

Process Clause]." *Id.* at 854. The Court reasoned that police officers are often required to make decisions "in haste, under pressure, and frequently without the luxury of a second chance." *Id.* at 853. It therefore declined to find a constitutional violation for the officer's "instinctive[] response" to the driver's "outrageous behavior," with no evidence that the officer's conduct was "tainted by an improper or malicious motive," such as to "terrorize, cause harm, or kill." *Id.* at 855.

It follows, then, that the opposite is also true. Officers who chase people with the "intent to harm [them] physically or to worsen their legal plight," whose conduct is thus "tainted by an improper or malicious motive," violate the Due Process Clause. *Id.* at 854–55. Plaintiffs allege such an improper motive in this case. According to Plaintiffs, officers pursued Hylton-Brown because they wanted to take his money from him. *See, e.g.*, ECF 26 ¶ 56 (alleging that the officers "engag[ed] in a vehicle pursuit with the intention of confiscating Mr. Hylton's property including cash for their own illicit purposes"); ECF 32-1 ¶ 92 (alleging that "Sutton chased Karon with an intent to illegally seize his property"). Plaintiffs allege that officers may have had other improper motives, including that the officers thought it was fun to harass Hylton-Brown. ECF 26 ¶ 95; ECF 32-1 ¶ 93. The Court must accept these allegations as true at this stage. An officer's intent to steal money from a person is a sufficiently harmful motive to support a due process violation. Initiating dangerous car pursuits for sport is similarly offensive.

Defendants make several arguments in support of their motions to dismiss Plaintiffs' Fifth Amendment claims, but none of them persuade the Court. The District, for example, contends that Plaintiffs' complaints do not allege a due process violation because the officers had probable cause to stop Hylton-Brown for a traffic violation—driving his moped without a helmet—and thus had a legitimate government interest in attempting to make a traffic stop. *See* ECF 45 at 8 (citing *Steen v. Myers*, 486 F.3d 1017, 1023 (7th Cir. 2007) (holding that "even a minor traffic stop, and pursuit

12

of a fleeing suspect after an unexplained flight from that stop, is a legitimate government interest")). But that argument requires the Court to disregard Plaintiffs' well-pled allegations, which the Court cannot do. Whether the officers also had probable cause to conduct a traffic stop does not answer the question whether the officers violated Hylton-Brown's due process rights. *Lewis*, after all, announced a rule concerning due process liability in cases involving police officers' pursuit of "suspects." 523 U.S. at 854. The Court understands "suspects" to refer to people who the police have reason to believe committed some crime or infraction. Officers can violate the due process rights of suspects if "there is sufficient evidence of some intent to harm that goes *beyond* the traffic stop, the decision to pursue, and the decision not to terminate the pursuit at some point before the crash." *Steen*, 486 F.3d at 1024 (emphasis added). Plaintiffs' complaints advance their theory that officers pursued Hylton-Brown to take money from him. *See* ECF 26 ¶ 56; ECF 32-1 ¶¶ 39, 92. The officers' subjective motives are relevant to the Court's due process analysis. *See Lewis*, 523 U.S. at 854–55. And the alleged motive of any officer to chase Hylton-Brown to steal his money is unrelated to a lawful attempt to make a traffic stop and cannot be justified by any legitimate government interest that the Court can think of. In other words, even a person who does not wear a helmet while riding a moped has due process rights that can be violated if police pursue him for malicious purposes. *See, e.g.*, *Robinson v. District of Columbia*, 130 F. Supp. 3d 180, 192–94 (D.D.C. 2015) (permitting a Fifth Amendment due process claim to proceed while dismissing a Fourth Amendment unreasonable seizure claim because officers had probable cause).

Sutton contends that Plaintiffs state no due process violation because they do not allege that Sutton had any intent to harm Hylton-Brown physically. The Court agrees that Plaintiffs' allegations do not support any inference that Sutton intended to hurt Hylton-Brown physically, even though that is what ended up happening. But Sutton's argument ignores a significant part of

13

the applicable rule. The Supreme Court held that an officer must have the "intent to harm suspects physically *or* to worsen their legal plight" to face liability for due process violations in car chase cases. *Lewis*, 523 U.S. at 854 (emphasis added). Courts have construed the phrase "to worsen their legal plight" to apply to the "category of pursuits that reflect a conscience-shocking motive beyond the realm of legitimate government action but do *not* involve an intent to inflict physical harm." *Graves v. Thomas*, 450 F.3d 1215, 1225 (10th Cir. 2006) (emphasis added) (quoting *Slusarchuk v. Hoff*, 346 F.3d 1178, 1183 (8th Cir. 2003), *cert. denied*, 541 U.S. 988). And for the reasons the Court articulated above, chasing a person into oncoming traffic for the purpose of stealing from him qualifies. The Court thus rejects any suggestion that a plaintiff must also allege that an officer had an intent to harm him physically to state a viable due process claim.

Nor does the Court agree with Defendants that Plaintiffs' allegations about the officers' intent are conclusory. Far from merely asserting general "allegations of animosity," as one Defendant suggests, ECF 45 at 15, Plaintiffs' complaints offer a specific improper motive—an intent to steal money—supported by factual allegations that permit the Court to draw inferences about the officers' intent. Plaintiff Intervenor Hylton alleges that Sutton, for example, had a history of stopping Hylton-Brown and others to take money from them, ECF 32-1 ¶ 29, and that Sutton suspected that Hylton-Brown was carrying cash on the day of these events, ECF 32-1 ¶ 39. Jones-Bey also alleges that the Individual Defendants had a pattern of engaging in such conduct. *See, e.g.*, ECF 26 ¶ 56. At this early stage, the Court finds these allegations sufficient.

Finally, Defendants Al-Shrawi, Novick, and Tejera argue that Plaintiffs' due process claims against them should be dismissed because they were only passengers in Sutton's car. But, collectively, Plaintiffs' complaints allege that these officers did nothing to stop Sutton, ECF 26 ¶ 117; ECF 32-1 ¶ 51, and instead assisted him in pursuing Hylton-Brown to steal his money and

harass him, including by "pointing at [Hylton-Brown] as Sutton drove the car," ECF 32-1 ¶¶ 51, 95, 104; ECF 26 ¶ 56 (alleging that all five officers intended to confiscate Hylton-Brown's cash). Courts have concluded that officers who are bystanders and thus only witness, but fail to intervene to prevent, constitutional violations can be liable for a fellow officer's conduct in some circumstances. *See, e.g.*, *Hamilton v. Kindred*, 845 F.3d 659, 663 (5th Cir. 2017); *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 417 (4th Cir. 2014); *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Here, Plaintiffs allege that these officers were much more than mere bystanders. They claim that these officers engaged in affirmative conduct to assist Sutton in his pursuit of Hylton-Brown to steal money from him. So, the Court finds that the complaints allege viable due process claims against these officers as well.

In sum, if officers engaged Hylton-Brown in a dangerous car chase, driving him into oncoming traffic and to his death, because they wanted to take money from him, as Plaintiffs allege, their conduct was outrageous and conscience shocking. Such conduct is motivated by a malicious purpose that has nothing to do with the job of a police officer, does not relate to any legitimate law enforcement objective, and represents a significant abuse of power that the Due Process Clause is designed to protect against. Accordingly, Plaintiffs state viable due process claims.

Having found that the complaints establish a predicate Fifth Amendment claim, the Court considers Defendants' arguments that they are not liable for any constitutional violation.

(b) <u>The Individual Defendants Are Not Entitled to Qualified Immunity</u>

The Individual Defendants argue that they are immune from suit under the qualified immunity doctrine.[5] Qualified immunity protects police officers from liability for civil damages "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 57 U.S. 800, 818 (1982)). The Court has already concluded that Plaintiffs adequately alleged a violation of Hylton-Brown's constitutional right to due process, and now finds that right was clearly established at the time of his death.

"A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). There is no requirement for a plaintiff to identify a case "directly on point," but "existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741. Qualified immunity, after all, protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Plaintiffs identify *Lewis* as instructive precedent, and the Court agrees. *Lewis* announced a rule involving the constitutional right at issue in this case (due process) in the precise circumstance that the Individual Defendants confronted—a car chase. *Lewis* makes clear that officers who initiate high-speed vehicle pursuits with the "intent to harm" or "worsen the[] legal plight" of the person they are chasing violate the Constitution. *Lewis*, 523 U.S. at 854. *Lewis* protects officers who engage in car chases that cause injury in many circumstances, but not when the officer's

---

[5] Defendants Al-Shrawi, Novick, and Tejera argue that they are entitled to qualified immunity because "there is no clearly established law showing that Officer Sutton's conduct violated Hylton-Brown's…Fifth Amendment rights, such that any liability can be imputed to passengers." ECF 60 at 11. The Court thus analyzes the issue in the way these Defendants have framed it.

conduct is "tainted by an improper or malicious motive," the officer seeks to "terrorize," or the officer "intend[s] to injure" the person he is chasing "in some way" that is not justified by any legitimate, police purpose. *Id.* at 849, 855. Under *Lewis*, no competent officer would believe that he was free to initiate a high-speed car chase, or affirmatively assist a fellow officer in a dangerous vehicle pursuit, to harass and steal money from a motorist. And that is what Plaintiffs allege the Individual Defendants did to Hylton-Brown. Indeed, the Court finds it hard to believe that any officer would reasonably believe that such conduct was lawful even in the absence of precedent (*Lewis*) that establishes the contours of permissible vehicle pursuits under the Due Process Clause. The Parties' briefing makes clear that there are factual disputes about whether the Individual Defendants harbored the malicious motives that Plaintiffs ascribe to them. The Individual Defendants suggest that they pursued Hylton-Brown only to make a traffic stop after they saw him commit an infraction. *See* ECF 60 at 15–16; ECF 61 at 9. But the Court cannot resolve factual disputes. Based on Plaintiffs' allegations, which the Court must accept as true, the Court concludes that the due process right at issue was clearly established at the time the Individual Defendants chased Hylton-Brown and denies the officers qualified immunity at this stage.

(c) Jones-Bey's Complaint States a Viable Claim for the District's *Monell* Liability

The Court turns next to consider the District's liability and finds that Jones-Bey's complaint sufficiently pleads that the District is liable for the alleged due process violations. In *Monell v. Dep't of Soc. Servs.*, the Supreme Court held that municipalities are suable "persons" for purposes of 42 U.S.C. § 1983 claims. 436 U.S. 658, 688–89 (1978). But "*Monell* established that a municipality cannot be held liable *solely* because it employs a tortfeasor—that is, on a respondeat superior theory." *Thompson v. District of Columbia*, 967 F.3d 804, 810 (D.C. Cir.

17

2020) (quoting *Monell*, 436 U.S. at 691).[6] Rather, "it is when execution of a government's policy or custom...inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.

Accordingly, to state a claim against the District for the due process violation the Court just determined is viable, Jones-Bey also must plead facts demonstrating that a District policy or custom caused that violation. *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003). Precedent identifies many ways that a plaintiff can make that showing. In addition to "the explicit setting of a policy by the government that violates the Constitution," a plaintiff can also point to "the action of a policy maker within the government," "the adoption through a knowing failure to act by a policy maker by actions by his subordinates that are so consistent that they have become custom," "or the failure of the government to respond to a need (for example, training of employees) in such a manner as to show 'deliberate indifference' to the risk that not addressing the need will result in constitutional violations." *Id.* Jones-Bey relies on the last two of these theories. Her complaint alleges that there is a "systemic problem of MPD officers targeting black bikers with their cruisers," ECF 26 ¶ 104; that is "known and tacitly condoned by supervisors within the MPD," *id.* ¶ 118; and that the District is also at fault because it systemically fails to train, supervise, and discipline its officers to correct the problem, *see, e.g.*, *id.* ¶¶ 106, 122, 207–208, 210–11, 213–14.

Jones-Bey's complaint contains sufficient allegations of a municipal custom and the District's deliberate indifference to a need to train and supervise its officers. According to Jones-Bey, there is a pattern among MPD officers of initiating dangerous, high-speed car chases to stop

---

[6] Jones-Bey's complaint also alleges that the District is liable for the Individual Defendants' constitutional violations "under the doctrine of respondeat superior," which is not correct. *See, e.g.*, ECF 26 ¶¶ 190, 200. The District is not vicariously liable for its officers' constitutional torts, and she cannot proceed against it based on that theory.

and harass bikers. *See, e.g.*, *id.* ¶¶ 3, 17, 49. To support that conclusion, Jones-Bey alleges that she is aware of hundreds of incidents, memorialized in affidavits, in which MPD officers have similarly targeted bikers and chased them with police cars. *See, e.g.*, *id.* ¶¶ 69–71. Jones-Bey alleges that this conduct persists despite internal MPD policies that purportedly forbid officers from engaging in vehicle pursuits under the circumstances alleged in this case. *See, e.g.*, *id.* ¶¶ 5, 51–52. Jones-Bey contends that the District is aware of its officers' conduct, *see, e.g.*, *id.* ¶¶ 18, 118; knows that vehicle pursuits are dangerous, *see, e.g.*, *id.* ¶ 19; has been involved in similar litigation about vehicle pursuits that further put it on notice of a problem, *see, e.g.*, *id.* ¶¶ 69, 104–105; but has not adequately trained or supervised its officers to conform to its internal policies and the law, *see, e.g., id.* ¶¶ 103, 106, 119–120, 207–208, 214. Jones-Bey's allegations that the District has a written policy prohibiting the conduct at issue, is aware that its officers consistently violate that policy, and that the problem nonetheless persists supports an inference that the District has failed to train officers or sufficiently monitor their conduct to protect against violations.

The District argues that the instances of police misconduct identified in Jones-Bey's complaint are either too far removed or too factually dissimilar to this case to be evidence of a municipal custom. It does not respond to Plaintiff's allegations about its *Monell* liability for its alleged failure to train or supervise its officers.[7] ECF 45 at 18–21. For example, the District contends that affidavits obtained in prior litigation Jones-Bey references in her complaint (*Robinson v. District of Columbia*) describe incidents that occurred between 2006 and 2013, seven years before Hylton-Brown's death, and are thus too remote to be evidence of an unlawful custom that caused any violations in this case. *Id.* at 19. The District also provides details about a handful of incidents that Jones-Bey refers to in her complaint to emphasize the differences between those

---

[7] The District does make such arguments in support of its motion to dismiss Plaintiff's negligent hiring and supervision claims, which the Court addresses *infra* Section III.B.6.

examples and what happened to Hylton-Brown. *Id.* at 20–21. One biker Jones-Bey refers to in her complaint, for instance, was ultimately shot by an MPD officer, not killed in a car collision. *Id.* at 20. (citing *Rawlings v. District of Columbia*, 820 F. Supp. 2d 92, 98–99 (D.D.C. 2011)). According to the District, Jones-Bey's constitutional claims against it must be dismissed because she fails to allege "concentrated, fully packed, precisely delineated scenarios as proof that an unconstitutional policy or custom exists." ECF 45 at 18–19 (quoting *Parker v. District of Columbia*, 850 F.2d 708, 712 (D.C. Cir. 1988)).

The Court disagrees with the District's position, at least at this stage of the proceedings. To be sure, Jones-Bey's complaint refers to affidavits obtained in the *Robinson* litigation. According to the District, court records reflect that those statements relate to incidents that occurred many years ago. But Jones-Bey's complaint also alleges that she is aware of at least 60 similar MPD police chase incidents that have occurred since *Robinson* and before the events in this case. ECF 26 ¶ 71. In addition, her complaint references a 2020 case involving the death of a biker (*Price v. District of Columbia*, Civil Action No. 20-00614) that is pending and involves similar *Monell* claims against the District. ECF 26 ¶ 72; *see also* ECF 63 at 10, 25 (discussing *Price* litigation and affidavits). And the District does not argue that *Price* is much different from this case. Those allegations are sufficient at the pleading stage to allege a widespread, municipal practice. Nor is the Court convinced by the District's arguments highlighting factual dissimilarities between this case and a few cases referenced in Jones-Bey's complaint—not when she alleges that she is aware of hundreds of other incidents of police attempting to stop and harass bikers by engaging in car pursuits like what happened here. [8] *See, e.g.*, ECF 26 ¶¶ 69–71. Whether Jones-

---

[8] The District identifies five people that Jones-Bey referred to in her complaint and who died in connection with MPD interactions that it claims are too factually dissimilar to this case to be evidence that Hylton-Brown's death was the result of any municipal custom. In addition to the decedent in the *Robinson* litigation, those individuals are DeOnte

Bey can ultimately prove a municipal custom through evidence of a sufficient number of similar incidents is a question for a later day. The allegations in her complaint entitle her to conduct discovery on her claims.

Finally, the Court rejects the District's argument that Jones-Bey is required to allege "fully packed" scenarios in her complaint to survive a motion to dismiss her *Monell* claims. ECF 45 at 18. The District pulls that language from the D.C. Circuit's opinion in *Parker v. District of Columbia*, and yes, that is what the case says. *See* 850 F.2d at 713. But the Court in *Parker* was referring to the evidence a plaintiff must proffer to ultimately "succeed" on her *Monell* claims, not the allegations that must be included in her complaint to survive a motion to dismiss. *Id.* Federal Rule of Civil Procedure 8, which governs pleadings, does not require a plaintiff to present "fully packed" proof of her claims in a complaint; nor does it impose any heightened pleading standard for plaintiffs who sue municipalities for constitutional violations. Such a requirement would be impractical, particularly in cases like this one where there is an obvious asymmetry of information between the Plaintiff and the District of Columbia and there has been no opportunity for discovery. The question at this stage is whether Jones-Bey alleges enough factual assertions about a municipal custom for the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The Court concludes that she did. Because Jones-Bey has satisfied her pleading burden, the Court denies the District of Columbia's Motion to Dismiss as it pertains to Jones-Bey's *Monell* claims predicated upon violations of the Fifth Amendment.

---

Rawlings, Terrance Sterling, Jeffrey Price, and Amir Brooks. ECF 26 ¶ 72. Jones-Bey refers to those individuals in support of her allegation that MPD misconduct has resulted in unnecessary deaths of bikers. Those incidents, however, are separate from the incidents memorialized in affidavits of which Jones-Bey alleges that she is aware.

**B. Plaintiffs' Common Law Claims**

Jones-Bey also brings state law claims against Defendants for battery, assault, negligence, negligence per se, negligent infliction of emotional distress, and intentional infliction of emotional distress. She brings additional claims against the District for negligently hiring, training, supervising, and retaining the Individual Defendants. Plaintiff Intervenor Hylton's only state law claim is for negligence against Defendants. For the reasons discussed below, the Court allows Plaintiffs' negligence claims to proceed against the District only, and will also allow Jones-Bey's claims against the District for negligent training, supervision, and retention to move forward. The remaining common law claims are dismissed.

*1. Jones-Bey's Battery Claims Against Defendants Are Dismissed*

Jones-Bey alleges that the Individual Defendants committed a battery against Hylton-Brown. She also alleges that the District is responsible for the conduct of the Individual Defendants under a theory of respondeat superior—"a doctrine of vicarious liability that imposes liability on employers for tortious and negligent acts of their employees committed within the scope of their employment." *Blair v. District of Columbia*, 190 A.3d 212, 225 (D.C. 2018); *see also* ECF 26 ¶ 149. The Court dismisses Jones-Bey's battery claims against Defendants because "battery" is not the right tort claim for the facts alleged in her complaint.

A battery is an "intentional act that causes harmful or offensive bodily contact." *District of Columbia v. Chinn*, 839 A.2d 701, 705 (D.C. 2003). Accordingly, an alleged tortfeasor is "subject to liability . . . for battery, if (a) he acts intending to cause a harmful or offensive (unconsented to) contact with the person of the other . . . and (b) a harmful contact . . . results." *Kelton v. District of Columbia*, 413 A.2d 919, 923 (D.C. 1980) (quoting the Restatement (Second) of Torts § 13 (1965)). Liability for battery can attach whether the contact results "directly or indirectly" from

22

the defendant's conduct, but the defendant must "act[] intending to cause . . . a contact." Restatement (Second) of Torts § 13 (1965).

Defendants argue that Jones-Bey fails to state a battery claim because she makes no allegation of any contact between the Individual Defendants and Hylton-Brown. That is true. Jones-Bey's complaint alleges that a civilian-driven SUV struck Hylton-Brown, not the Individual Defendants or the cars they drove. ECF 26 ¶¶ 144–45; *see, e.g.*, *Collier v. District of Columbia*, 46 F. Supp. 3d 6, 16 (D.D.C. 2014) (finding that plaintiff "has not alleged battery because he does not assert that [defendant] had bodily contact with him."). But the complaint also stops short of alleging that any Individual Defendant acted with the intent to cause the collision that killed Hylton-Brown or any other harmful contact. *See, e.g.*, ECF 26 ¶ 144 (alleging that the Individual Defendants "intentionally and unlawfully caused their police vehicles to dangerously chase Hylton[-Brown] into an oncoming vehicle which resulted in the death of Hylton[-Brown]"). And Jones-Bey does not respond to Defendants' arguments that she does not allege any contact between the Individual Defendants and Hylton-Brown that satisfies the elements for battery or otherwise point the Court to allegations in her complaint that suffice to state a battery claim. And with no claim against the Individual Defendants, the District cannot be vicariously liable. So, the Court grants Defendants' motions to dismiss Jones-Bey's battery claims.

### 2. *Jones-Bey Assault Claims Are Dismissed*

Jones-Bey also alleges that the Individual Defendants assaulted Hylton-Brown by "unlawfully chasing and using deadly force" against him, ECF 26 ¶ 136, and that they "unlawfully vicariously assaulted [him]" when he collided with the civilian SUV. *Id.* ¶ 234. She claims the District is responsible for the assault as the Individual Defendants' employer. *See, e.g.*, *id.* ¶ 239. In other words, Jones-Bey contends that the collision (and fear of the collision) was the assault

23

that occurred here. Defendants have moved to dismiss this cause of action for failure to state a claim. The Court agrees that Jones-Bey's complaint fails to allege an assault claim.

Under District of Columbia law, an assault is the "intentional and unlawful attempt or threat, either by words or acts, to do physical harm to the victim." *Etheredge v. District of Columbia*, 635 A.2d 908, 916 (D.C. 1993). An "essential element of . . . assault is . . . *intentional[ly]* putting another in apprehension" of physical harm, and "absent such an allegation a complaint is clearly deficient." *Acosta Orellana v. CropLife Intl*, 711 F. Supp. 2d 81, 92 (D.D.C. 2010) (citing *Madden v. D.C. Transit Sys., Inc.*, 307 A.2d 756, 757 (D.C. 1973)). In other words, a defendant is "not . . . liable for assault for negligent or reckless behavior lacking the requisite intent to commit an assault." *Id.* (citing *Jackson v. District of Columbia,* 412 A.2d 948, 955 n.15 (D.C.1980)).

Jones-Bey's allegations about the Individual Defendants' intent to commit assault are lacking. Starting with Defendants Al-Shrawi, Novick, and Tejera, the complaint does not allege what, if any, attempts or threats these Defendants made to do any physical harm to Hylton-Brown, much less their intent to cause the resulting collision. Jones-Bey acknowledges that her assault allegations against Defendants Al-Shrawi, Novick, and Tejera are flimsy. *See* ECF 68 at 2. In her response, she tries to supplement her allegations with information from a newspaper article reporting on the criminal proceeding against Sutton and Zabavsky. *See* ECF 68 at 2–3. But the Court will not consider these additional allegations because Jones-Bey cannot amend her complaint through her opposition to a motion to dismiss. *See, e.g.*, *Statewide Bonding, Inc. v. DHS*, 980 F.3d 109, 117 n.5 (D.C. Cir. 2020).

The Court also finds that Jones-Bey has not sufficiently pled that Sutton (or Zabavsky) intended to harm Hylton-Brown physically or to put him in fear of physical harm by chasing him.

24

Perhaps that was their intent, but the Court cannot draw that inference from the allegations in Jones-Bey's complaint. The complaint alleges that these officers "knew or should have known" that chasing Hylton-Brown was dangerous, ECF 26 ¶ 86, that MPD vehicle pursuits have resulted in people being "knocked" off their mopeds, *id*. ¶ 49, and that Hylton-Brown was, in fact, afraid that he would get into an accident or otherwise get hurt during the chase, *id*, ¶¶ 137, 235. But Jones-Bey's complaint does not sufficiently allege that these officers had any intent to cause a collision with a third party, a collision with the officers, or any other physical harm (or fear thereof).

Jones-Bey's oppositions do not point the Court to allegations that she believes are sufficient to support her assault claims. Rather, she suggests that Sutton's conviction for second-degree murder, which she says requires a showing of "malice," necessarily makes him liable for assault. *See* ECF 63 at 26, ECF 67 at 18. To be sure, second-degree murder is a more serious offense than a civil assault claim. But it does not require the same elements. To convict Sutton of second-degree murder, the jury was instructed that it had to find that Sutton "acted in conscious disregard of an extreme risk of death or seriously bodily injury to Karon Hylton-Brown." *Sutton, et al.*, Criminal Action No. 21-cr-598 (ECF 435 at 27). Jones-Bey's allegations establish that Sutton may have scared Hylton-Brown and may have been grossly negligent, reckless, or even outrageous in his conduct, but they are not sufficient to state a claim for assault for the resulting collision. *See, e.g., Acosta*, 711 F. Supp. 2d at 92. And without allegations that any Individual Defendant assaulted Hylton-Brown, Jones-Bey's claims against the District cannot go forward either. Accordingly, Jones-Bey's assault claims are dismissed.

25

3. *Plaintiffs' Negligence Claims Against the District Survive, But Are Dismissed Against the Individual Defendants*

Plaintiffs' complaints also assert negligence claims against Defendants. Defendants have moved to dismiss those claims as well. The Court dismisses Plaintiffs' negligence claims against the Individual Defendants because local law does not permit such claims to proceed against them, but Plaintiffs' negligence claims against the District can go forward.

(a) Plaintiffs' Negligence Claims Against the Individual Defendants Are Dismissed

The Individual Defendants argue that Plaintiffs are precluded from suing them for negligence under the D.C. Employee Non-Liability Act. That statute provides:

> [N]o civil action or proceeding shall be brought or be maintained against an employee of the District . . . for personal injury, including death, resulting from the operation by such employee of any vehicle if it be alleged in the complaint . . . that the employee was acting within the scope of his office or employment . . . .

D.C. Code § 2-415.

Plaintiffs' negligence claims fall within the category of claims that the statute bars. The Individual Defendants are employees of the District, Hylton-Brown's death is alleged to have occurred as a result of the officers' operation of vehicles, and Plaintiffs plead that the Individual Defendants were acting within the scope of their employment at the time of these events. ECF 26 ¶¶ 129, 140, 156; ECF 32-1 ¶ 108. Therefore, the Court grants the Individual Defendants' motions to dismiss Plaintiffs' negligence claims against them.

(b) Plaintiffs' Negligence Claims Against the District of Columbia Survive

The Court, however, denies the District's motion to dismiss Plaintiffs' negligence claims against it. To state a negligence claim under District of Columbia law, a plaintiff must allege that a tortfeasor breached a duty of care owed to the plaintiff, and that the breach proximately caused an injury to the plaintiff. *Poola v. Howard Univ.*, 147 A.3d 267, 289 (D.C. 2016); *see also Chinn*,

26

839 A.2d at 706 ("In order to prevail in a negligence action, the plaintiff must prove the applicable standard of care, a deviation from that standard of care by the defendant, and a causal relationship between that deviation and the plaintiff's injury."). Although local law does not allow Plaintiffs to sue the Individual Defendants for negligence under the facts of this case, Plaintiffs can sue the District, which may be liable for the Individual Defendants' negligence as its employer. *See Holder v. District of Columbia*, 700 A.2d 738, 741–42 (D.C. 1997).

The District does not argue that Plaintiffs' complaints fail to allege that any Individual Defendant breached a duty of care owed to Hylton-Brown or that the breach caused injury to Hylton-Brown (and Plaintiffs). The Court thus takes it as a given that Plaintiffs' complaints are sufficient in that regard. Instead, the District contends that Plaintiffs cannot bring claims for intentional torts (like assault and battery) and negligence based on the same facts. It bases its argument on District of Columbia law holding that "a plaintiff cannot seek to recover by dressing up the substance of one claim, here assault, in the garments of another, here negligence." *Chinn*, 839 A.2d at 708. In other words, "[i]ntent and negligence are regarded as mutually exclusive grounds for liability." *Id.* at 706. The District asks the Court to dismiss Plaintiffs' negligence claims because "Jones-Bey repeatedly emphasizes the intentional nature of the officers' actions throughout her Amended Complaint" and Plaintiffs cannot bring "intentional tort claims under the guise of a negligence claim." ECF 45 at 23–24.

The District's argument may be moot at this point. It already persuaded the Court that Jones-Bey's complaint does not state viable claims for battery and assault—and specifically because she did not allege sufficient facts about any Individual Defendant's intent to cause Hylton-Brown any physical harm or fear of physical harm. But Plaintiffs' complaints also allege that the officers are nonetheless responsible for Hylton-Brown's death because they had a duty to operate

27

their police vehicles with reasonable care, nonetheless chased Hylton-Brown through a residential neighborhood, did so recklessly and without good reason, and pursued him despite the risk that doing so could cause death or serious injury. *See, e.g.*, ECF 26 ¶¶ 129–133; ECF 32-1 ¶¶ 99–107. Those allegations state a claim for negligence. And with the intentional tort claims dismissed, the Court is not concerned that Plaintiffs are trying to press conflicting, mutually exclusive grounds for liability based on the same factual allegations and theories.[9] The District's motion to dismiss Plaintiffs' negligence claim is denied.

### 4. Jones-Bey's Complaint Does Not Sufficiently Allege Negligence Per Se

Jones-Bey's complaint also alleges negligence per se.[10] The Court has already determined that D.C. Code § 2-415 does not permit Jones-Bey to sue the Individual Defendants for their alleged negligence, *see supra* Section III.B.3.a, so her negligence per se claims against the officers are also dismissed. But the District could be liable for the officers' conduct as their employer. *See supra* Section III.B.3.b.

Negligence per se is a theory of negligence liability that "permits a plaintiff under certain circumstances and under specified conditions[] to rely on a statute or regulation as proof of the applicable standard of care." *Hunter ex rel. A.H. v. District of Columbia*, 64 F. Supp. 3d 158, 188–89 (D.D.C. 2014) (quoting *McNeil Pharm. v. Hawkins*, 686 A.2d 567, 578 (D.C. 1996)). Under District of Columbia law, a defendant's "[v]iolation of a statute or regulation may constitute negligence per se only if the statute [or regulation] is meant to promote safety, if the plaintiff is a member of the class to be protected by the statute [or regulation], and if the defendant is a person

---

[9] Further, a plaintiff can assert intentional tort and negligence claims in the alternative, so long as the plaintiff pleads "separate and distinct" theories supporting each claim. *Chinn*, 839 A.2d at 710.

[10] Jones-Bey labels count 7 as "Statutory Assault and Battery" and cites to D.C. Code § 5-123.02, but based upon the allegations in that count, the Court construes the claim to allege negligence per se. *See* ECF 26 ¶¶ 154, 156 (alleging negligence per se based on D.C. Code § 5-123.02).

upon whom the statute [or regulation] imposes specific duties." *Night & Day Mgmt., LLC v. Butler*, 101 A.3d 1033, 1039 (D.C. 2014). Importantly, the applicable statute or regulation "must not merely repeat the common law duty of reasonable care, but must set forth specific guidelines to govern behavior." *Id.* at 1040 (quoting *Chadbourne v. Kappaz*, 779 A.2d 293, 296 (D.C. 2001)). Jones-Bey's complaint alleges that the officers were negligent per se because they violated two provisions of law, but the Court agrees with the District that the sources of law Jones-Bey identifies cannot support her theory.

First, Jones-Bey alleges that the officers were negligent per se because their conduct violated MPD General Order OPS 301.03, the District's internal policy governing vehicular pursuits. ECF 26 ¶¶ 51–61, 130, 132, 223–25. But MPD General Orders "do not have the force or effect of a statute or an administrative regulation." *Abney v. District of Columbia*, 580 A.2d 1036, 1041 (D.C. 1990). While this policy may be relevant evidence bearing on the standard of care for a reasonable officer, *Snowder v. District of Columbia*, 949 A.2d 590, 603 (D.C. 2008), it is not proof of the standard of care by itself, *Clark v. District of Columbia*, 708 A.2d 632, 636 (D.C. 1997). So any alleged violation of MPD's General Orders does not establish negligence per se.

Second, Jones-Bey alleges that the officers were negligent per se because they violated D.C. Code § 5-123.02, which provides: "[a]ny officer who uses unnecessary and wanton severity in arresting or imprisoning any person shall be deemed guilty of assault and battery, and, upon conviction, punished therefor." But that statute does not support her negligence per se theory either. D.C. Code § 5-123.02 reflects the common law's general prohibition against assault and battery and provides for the conviction of police officers who commit those offenses. It is not a public safety statute. It does not "set forth specific guidelines to govern behavior." *McNeil*, 686 A.2d at 579. And it does not "establish a claim separate and distinct from [any] alleged battery,

29

nor demonstrate the essential elements of a negligence claim." *Chinn*, 839 A.2d at 711 (considering prior version of this statute, D.C. Code § 4-176). Earlier in this opinion, the Court addressed distinctions between intentional torts and negligence claims—mutually exclusive theories of liability that can be pled in the alternative but cannot be based on the same set of facts. *See supra* Section III.B.3.b; *see also Sabir v. District of Columbia*, 755 A.2d 449, 453 (D.C. 2000) ("Thus it is settled that a person cannot negligently commit an intentional tort"). For these reasons, D.C. Code § 5-123.02, a statute providing for the punishment of officers who commit assault and battery, is not proof of the applicable standard of care for Jones-Bey's negligence claims.

Finally, the Court observes that Jones-Bey sets forth additional facts, theories and municipal regulations in her opposition that are not in her complaint. ECF 63 at 18. Again, because Jones-Bey cannot amend her complaint through her opposition, the Court declines to consider this additional information. *See Statewide Bonding, Inc.*, 980 F.3d at 117 n.5.

5. *Jones-Bey's Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress Claims Are Dismissed*

Jones-Bey brings claims against all Defendants for negligent infliction of emotional distress (NIED) and intentional infliction of emotional distress (IIED). Defendants move to dismiss these claims, including on the ground that her complaint does not sufficiently allege that Hylton-Brown suffered the requisite emotional distress necessary to sustain these causes of action. The Court agrees and dismisses her emotional distress claims for that reason.

Before the Court explains why, the Court acknowledges that in a case like this one, involving a fatal collision, it probably sounds off-putting for the Court to conclude that Jones-Bey's complaint does not sufficiently allege emotional harm. There is no dispute that Hylton-Brown suffered serious, life-ending physical injuries. The Court is allowing some of Jones-Bey's claims to proceed, and she can attempt to prove liability and seek compensation for those physical

injuries. But different tort claims aim to compensate different types of harm. As their titles make clear, NIED and IIED claims impose liability on defendants for engaging in conduct that causes a certain level of emotional distress. And it is the complaint's allegations about Hylton-Brown's emotional distress, distinct from any physical injuries he sustained, that the Court finds insufficient.

Starting with Jones-Bey's NIED claims. In the District of Columbia, NIED requires Jones-Bey to demonstrate, among other things, that Hylton-Brown suffered emotional distress that is "serious and verifiable." *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 810–11 (D.C. 2011). "Serious and verifiable," means that Hylton-Brown's emotional distress was "acute, enduring, or life-altering." *Id.* at 817. Accordingly, Jones-Bey cannot state a viable NIED claim unless she alleges facts from which the Court can conclude that Hylton-Brown suffered acute, enduring, or life-altering emotional distress because of Defendants' conduct. *See, e.g.*, *Hawkins v. WMATA*, 311 F. Supp. 3d 94, 107–08 (D.D.C. 2018) (dismissing NIED claim because plaintiffs "fail[ed] to plead the required 'serious and verifiable' emotional distress").

Jones-Bey's complaint contains no such allegations. She alleges that Hylton-Brown suffered "extreme emotional distress" and "fear and apprehension of imminent collisions" as the officers chased him. ECF 26 ¶ 73; *see also id.* ¶¶ 159, 250. And the Court accepts as true that Hylton-Brown may have been scared in the moments leading up to the collision. But general allegations of fear are insufficient to sustain a NIED claim. *See, e.g.*, *Hawkins*, 311 F. Supp. 3d at 107 (citing *Sibley v. St. Albans Sch.*, 134 A.3d 789, 797–98 (D.C. 2016)). The complaint contains no allegations that support an inference that Hylton-Brown suffered any sort of "acute," "enduring," "life-altering," or "verifiable" emotional injury required for a NIED claim. *Hedgepeth*, 22 A.3d at 811, 817. The Court, for example, does not know from Jones-Bey's complaint anything

31

about how Hylton-Brown's fear manifested, if he experienced any distress beyond a general fear of a collision, or whether he was conscious after the crash such that he could have sustained emotional injuries apart from the physical injuries he suffered. And Jones-Bey's only response to Defendants' arguments directs the Court to consider Sutton's charge (and now conviction) for second-degree murder, *see*, *e.g.*, ECF 63 at 16, which does not answer the question whether she has sufficiently pled a NIED claim. While there is no question that the collision caused life-ending injuries, the factual assertions in Jones-Bey's complaint do not demonstrate that Hylton-Brown experienced life-altering injuries as the product of any emotional distress.

The Court concludes the same about Jones-Bey's IIED claims. Such claims require a plaintiff to establish that a defendant caused the plaintiff to suffer "severe emotional distress," among other elements. *Competitive Enter. Inst. v. Mann*, 150 A.3d 1213, 1260 (D.C. 2016), *as amended* (Dec. 13, 2018). "[S]evere emotional distress . . . requires a showing beyond mere mental anguish and stress and must be of so acute a nature that harmful physical consequences are likely to result." *Id*. at 1261. General "mental anguish and stress [do] not rise to the level of severe emotional distress." *Futrell v. Dep't of Lab. Fed. Credit Union*, 816 A.2d 793, 808 (D.C. 2003). For the same reasons the Court just articulated, Jones-Bey's complaint does not contain sufficient allegations from which the Court can infer that Hylton-Bey suffered the required "severe" and "acute" emotional distress. Again, the complaint alleges serious, tragic, and life-ending physical injuries that remain at issue in this case, but it is lacking in its allegations supporting any emotional distress torts.

### 6.    *Negligent Hiring, Retention, Training, and Supervision Against the District*

Finally, the District moves to dismiss Jones-Bey's state law negligent hiring, retention, training, and supervision claims. For the reasons set forth below, the Court grants the District's

32

motion to dismiss Plaintiff's negligent hiring claim but denies its motion to dismiss the remaining claims.

### (a) Jones-Bey's Negligent Hiring Claim Is Dismissed

Jones-Bey's complaint does not plausibly state a claim for negligent hiring. To state a negligent hiring claim under District of Columbia law, "a plaintiff must allege specific facts from which an inference can be drawn that the employer did not conduct a reasonable background investigation, and that such an investigation would have uncovered a reason not to hire the alleged tortfeasor." *Search v. Uber Techs., Inc.*, 128 F. Supp. 3d 222, 230 (D.D.C. 2015). The Court agrees with the District that Jones-Bey has not alleged any such facts. She asserts that the District "had a duty, through performance of reasonable inquiry" to hire competent police officers. ECF 26 ¶¶ 171, 266. But the complaint does not set forth any allegations from which the Court can infer that the District did not appropriately vet the Individual Defendants before hiring them or that it would have uncovered disqualifying information about these officers if it had conducted a more thorough background investigation. And Jones-Bey's opposition offers no argument to explain her negligent hiring theory or rebut the District's position that her allegations are insufficient to state a claim. So, the Court grants the District's motion to dismiss Jones-Bey's negligent hiring claim.

### (b) Jones-Bey's Negligent Retention, Training, and Supervision Claims Survive

The Court, however, will allow Jones-Bey's negligent retention, training, and supervision claims to proceed to discovery. To plausibly state these claims, a plaintiff must allege "that an employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise or train the employee." *Spiller v. District of Columbia*, 302 F. Supp. 3d 240, 254–55 (quoting *Giles v. Shell Oil Corp.*, 487 A.2d 610, 613 (D.C. 1985)); *see also Lin v.*

33

*District of Columbia*, 47 F.4th 828, 846 (D.C. Cir. 2022) (quoting *Blair*, 190 A.3d at 229 (same)).

Jones-Bey's complaint does that. She alleges that Defendants Sutton and Zabavsky "had a history of chasing [] bikers with police vehicles," ECF 26 ¶ 268, a fact that the Court must accept as true at this stage of the litigation. Jones-Bey also contends that MPD has a written policy about police vehicle pursuits and that Sutton and Zabavsky's conduct violated that policy. *Id.* ¶ 52. The complaint further alleges that the Individual Defendants' conduct in this case is consistent with a wide-spread practice among MPD officers about which the District was aware. *See, e.g., id.* ¶¶ 17 (alleging that the conduct in this case was consistent with MPD's "practices and procedures" and a "known fact" to the District), 18 (alleging that the District "knew" about the danger of the practices alleged). Jones-Bey also alleges that the District, both as a matter of practice and in this case, failed to supervise officers (like the Individual Defendants) who target motorists by chasing them in police vehicles. *See, e.g., id.* ¶ 3 ("It is further alleged that [the Individual Defendants] racially profiled, harassed, and intimidated Mr. Hylton[-Brown] consistent with the pattern and practice that is routinely allowed in the ranks of [MPD]'s police officers; which behavior gains traction because of the deliberate indifference of [MPD] in [its] failure to supervise said officers"). And her complaint sets forth allegations that the District continued to keep among its ranks, failed to discipline, and did not properly train officers to prevent this conduct from occurring. *See, e.g., id.* ¶¶ 207 (alleging that the District "fail[s] to deter such behavior by its police officers/agents through proper training, reprimand, suspension or dismissal, particularly with respect to incidents involving young motorcyclists"), 268 (alleging that the District "retained the employment of Officer Sutton who had a history of chasing bikers with police vehicles as did the supervisor Zabavsky").

The Court disagrees with the District's position that Jones-Bey's allegations are too conclusory or that she does not detail any Individual Defendants' conduct before Hylton-Brown's death that would have put the District on notice of any obligation to act. ECF 45 at 20–21. Far from merely parroting legal standards, Jones-Bey's complaint alleges that at least two Individual Defendants had a history of engaging in the type of car chases that caused Mr. Hylton-Brown's death, ECF 26 ¶ 268; claims that she is aware of hundreds of examples of similar conduct by MPD officers in recent years, *id.* ¶¶ 69–71; asserts that the District was aware of this conduct (including Sutton's and Zabavsky's), *id.* ¶¶ 17–18, 268; and accuses the District of failing to adequately train, supervise, and discipline officers (including some Individual Defendants) who routinely engaged in these vehicle pursuits, *id.* ¶¶ 207, 268. Jones-Bey's allegations that the District failed to train or supervise its officers is not conclusory because it is supported by factual allegations. For example, she alleges that the District has a written policy prohibiting the conduct at issue but is aware that its officers consistently violate that policy. That allegation supports an inference that the District has not adequately trained and supervised its officers to follow its policies. Further, her reference to the "history" of Sutton and Zabavsky in her complaint makes clear that she is describing conduct that occurred in the past, before the events at issue in this case. *Id.* ¶ 268. These allegations make Jones-Bey's complaint much different than those that were dismissed in the cases the District cites in support of its motion. *See* ECF 45 at 27 (citing *Spiller*, 302 F. Supp. 3d at 254–55 (granting motion to dismiss negligent supervision and training claim where complaint did not "allege[] that these officers were previously involved in similar incidents," did not "allege[] any facts that might plausibly show that the District, as a matter of course, failed to discipline or to retrain officers after serious incidents," or that the alleged conduct "occurred with such regularity that the District was on notice of some common propensity among MPD officers")); *Harvey v. Kasco*, 109 F. Supp. 3d

35

173, 179 (D.D.C. 2015) (dismissing negligent training and supervision claim because plaintiff did not allege "any facts regarding the District of Columbia's knowledge that one of its officers would allegedly use excessive force in effectuating an unjustified arrest in a single incident"); *Blakeney v. O'Donnell*, 117 F. Supp. 3d 6, 21 (D.D.C. 2015) (granting motion to dismiss negligent training and supervision claim because "Plaintiff has not alleged any facts to support the inference that the District had knowledge of MPD officers' tendency to use excessive force"). The Court thus denies the District's motion to dismiss Plaintiff's negligent retention, training, and supervision claims.

## IV.    CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Defendants' motions to dismiss. Plaintiffs' Fifth Amendment claims against Defendants District of Columbia, Sutton, Tejera, Al-Shrawi, and Novick; Plaintiffs' negligence claims against the District only; and Jones-Bey's negligent training, supervision, and retention claims against the District will move forward. The remaining claims are dismissed.

**SO ORDERED.**

July 22, 2024

Jia M. Cobb
U.S. District Court Judge

36